HENSCHEL, Administrator, etc., Appellant, vs. MAURER and others, Respondents.

*October 13 — November 1, 1887.*

*Gift*, causa mortis *or* in presenti, *what constitutes.*

1. A delivery of personal property by a donor in his last sickness, and in expectation of death then imminent, upon condition that it shall belong to the donee if the donor dies without revoking it, leaving the donee surviving, is a valid gift *causa mortis.* A gift made with intent that it shall take effect immediately and irrevocably, and fully executed by a complete and unconditional delivery, is a valid gift *inter vivos,* even though the donor is *in extremis,* and dies soon after.

2. A mortgagee, when extremely sick and expecting death, executed a formal satisfaction of his mortgage and delivered it, with the note and mortgage, to his brother, the mortgagor, as a gift, with intent to discharge and satisfy the same, and then, as a part of the same transaction, directed him to deliver them to their uncle, for the purpose of having the latter ascertain how much personal property would make his gift equal to that of his sister. After the donor's death the uncle redelivered the papers to the donee. *Held,* that there was a valid gift *in presenti.*

APPEAL from the Circuit Court for *Sheboygan* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This action was commenced February 17, 1886, for the foreclosure of a mortgage upon real estate executed January 2, 1877, by one Conrad Maurer (since deceased), and the defendant *Marie Maurer,* then his wife and now his widow, given to secure a promissory note of even date, executed by said Conrad, and both running and payable to the plaintiff's intestate, for $1,200, two years from the date thereof, with interest at eight per cent. The complaint is in the usual form, and alleged that said George died intestate, September 27, 1884, and that the plaintiff was appointed such administrator, March 5, 1885. The said widow and the minor

heirs of said Conrad, by their guardian *ad litem*, by way of answer, in effect denied that the plaintiff was the owner and holder of said note and mortgage; denied that there was any sum due or payable thereon; and allege, upon information and belief, in effect, that September 22, 1884, and while said George was the owner and holder of said note and mortgage, and in his last sickness, in contemplation and expectation of death, he, the said George, executed and acknowledged a written discharge of said mortgage, in the presence of two witnesses, who subscribed their names thereto as such, and wherein the said George acknowledged satisfaction and payment in full of said mortgage, and thereby released the same, and all his right, title, and interest in and to the mortgaged premises, and thereby authorized the register of the county to enter such satisfaction of record; that September 26, 1884, in immediate contemplation and expectation of death, the said George delivered said satisfaction piece, together with said note and mortgage, and also certain other personal property and choses in action, to his uncle,— one Fred Maurer, for delivery, and with direction to deliver said note and mortgage, and said satisfaction thereof, to said Conrad, as a gift and release of said note and mortgage; that at the same time said George delivered to said Fred a written order to the effect that he deliver, of the money and other personal property in his hands, $25 to Mrs. Marie Henschel or order, and the balance to his said brother, Conrad, and Mrs. Adolph Henschel, as to his verbal order; that, upon the death of said George, and during the life of said Conrad, said Fred delivered to said Conrad said note, mortgage, and satisfaction piece, as so directed by said George.

At the close of the trial the court found, in effect, that the note and mortgage were executed, and payments made thereon, as stated in the complaint; that September 22, 1884, and while of sound and disposing mind and memory,

but in extreme sickness and expectation of death, the said George made and executed said satisfaction piece; that on the same day he delivered the same, together with said note and mortgage, to said Conrad, as and for a satisfaction of said mortgage, and subsequently, and on the same day, caused said note and mortgage, and satisfaction piece, to be placed with said Fred for final delivery after his death, without any condition or control over the same; that said note, mortgage, and satisfaction piece were subsequently, and prior to the commencement of this action, delivered to said Conrad by said Fred; that the making of said satisfaction piece, and the delivery of the same with said note and mortgage, were intended and made as a release and satisfaction of said mortgage, and the indebtedness thereby secured, and a gift *causa mortis* thereof to the said Conrad, who was brother to said George.

As conclusions of law the court found, in effect, that said satisfaction constituted a good and valid gift *causa mortis,* and a release and discharge of said mortgage and indebtedness to the said Conrad; that the plaintiff, as administrator, had received no right to or interest in the mortgage; that the defendants were entitled to judgment dismissing the complaint, and adjudging said note and mortgage fully satisfied and discharged, and for costs and disbursements against the estate of said George; and judgment was ordered thereon accordingly. From such judgment so entered thereon the plaintiff brings this appeal.

*Krez & Krez,* for the appellant, to the point that there was no such unconditional delivery and acceptance as to constitute a valid gift, cited Martindale on Conveyances, sec. 206; *Prutzman v. Baker,* 30 Wis. 644; *Stanley v. Riss?,* 49 id. 219; *Wilcox v. Matteson,* 53 id. 23, 28; *Wilson v. Carpenter,* 17 id. 512; *Walter v. Ford,* 74 Mo. 195; *Curry v. Powers,* 70 N. Y. 212. The delivery was not to the mortgagor. *Basket v. Hassell,* 107 U. S. 602; *Brunn v. Schuett,*

59 Wis. 260. To sustain a gift *causa mortis* the evidence must be clear and unmistakable. *Taylor v. Staples,* 8 R. I. 170.

For the respondents there was a brief by *Seaman & Williams,* and oral argument by *W. H. Seaman.*

CASSODAY, J. The evidence is to the effect that September 22, 1884, the plaintiff's intestate at first requested one Charles Heins to draw his will, and to give all his property, except $25 mentioned, to his brother, Conrad, and his sister, Mrs. Adolph Henschel; that, when informed that it would probably cost $60 or $70 in the probate court, he declined to make a will; that he then asked if such distribution could not be made in some other way, and was told by Heins that it could, and accordingly the satisfaction piece was drawn and executed, and then, with the note and mortgage, delivered, first to Conrad, then to the uncle, and subsequently to Conrad, as found; that at the same time he executed a deed of 160 acres of land in Marathon county to his sister, Mrs. Adolph Henschel, and delivered that to her; that he thereupon directed her to deliver the deed to his uncle, and she did so; that at the same time he gave to his uncle an order for the personal property, with directions to keep all the papers until he ascertained the value of the Marathon county lands, and then divide the personal property, so that his said brother and sister should each have one-half of all his property, except that he should give Mrs. Herman Henschel $25; that in executing the papers he wrote his own name, and was at the time physically weak, but of sound mind, with no hope of recovery, but, perhaps, with an expectation of reclaiming the property if he did recover; and he died five days thereafter. Upon these facts it is urged by counsel that the whole transaction, when taken together, was simply an attempt by the intestate to dispose of all his

property by will, or to delegate to his uncle the power to do so upon his death, or both together.

There can be no question but what a person of sound mind, even *in extremis*, may make a partial as well as a total disposition of his property by will. The same is true in case of a gift as to any property which is the subject of gift. The mere fact that he attempts at the same time, and as a part of the same transaction, to dispose of the whole of his property, but for some cause the disposition is in-effectual as to a part of it, will not prevent its being effect-ual as to the other part. Here the matters of conveying the land to the sister, and the directions for disposing of the personal property, are not within the issues, and hence not before us for determination. No question of creditors or other claimants is involved. The only question presented is whether what was said and done by the intestate consti-tuted a complete satisfaction and extinguishment of the note and mortgage. A mortgagee may undoubtedly, by way of gift to the mortgagor, completely satisfy the debt, and discharge the mortgage. *Moore v. Darton*, 4 DeGex & S. 517; *Lee's Ex'r v. Boak*, 11 Grat. 182; *Darland v. Taylor*, 52 Iowa, 503; *Carpenter v. Soule*, 88 N. Y. 251; *S. C.* 42 Am. Rep. 248.

Where a gift of personal property is made with intent to take effect immediately and irrevocably, and is fully exe-cuted by complete and unconditional delivery, it is certainly binding upon the donor as a gift *inter vivos*, even if the donor at the time is *in extremis*, and dies soon after. *Tate v. Leithead*, Kay, 658; *McCarty v. Kearnan*, 86 Ill. 292. But where such intent is not manifest, and the gift is other-wise made, under such circumstances it will ordinarily be regarded as a gift *causa mortis*. *Rhodes v. Childs*, 64 Pa. St. 23, 24; *Grymes v. Hone*, 49 N. Y. 17. But even such a gift is not complete without delivery. *Ibid.*; *Wilcox v.*

*Matteson*, 53 Wis. 23; *Brunn v. Schuett*, 59 Wis. 260. Such a gift may be defined as one made by the delivery of personal property by the donor in his last sickness, and in expectation of death then imminent, and upon condition that it shall belong to the donee if the donor dies, as anticipated, without revoking the gift, leaving the donee him surviving, and not otherwise. *Rhodes v. Childs, supra; Grymes v. Hone, supra; Ogilvie v. Ogilvie*, 1 Bradf. Surr. 356; 2 Quar. Law Rev. 446; 21 Am. Law Rev. 734, and cases there cited. But even such a gift is defeated if the donor survive such sickness. *Staniland v. Willott*, 3 Macn. & G. 664. Here the intestate, as mortgagee, actually delivered the note, mortgage, and satisfaction to the mortgagor personally as a present. True, the intestate subsequently directed the mortgagor to deliver them to the uncle, as he directed Mrs. Adolph Henschel to deliver the deed she had received from him to the uncle. But this was apparently done in order that the uncle might the better ascertain the value of the land conveyed, and thus ascertain the difference in the value of the two gifts thus made, and then divide the personal property so as to make the gifts equal. Under such circumstances, and in view of the apparent absence of any hope of recovery, it would seem that the note, mortgage, and satisfaction may be regarded as so delivered to the mortgagor as an absolute gift *in præsenti*. But even if there was an absence of such intent to make a then present and unconditional gift, yet as the delivery by the donor was complete, and he was at the time in his last sickness, and died soon thereafter, without revoking the gift, we must regard it as a valid and binding gift *causa mortis*.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 34 N. W. Rep. 926.— REP.