(28 Misc. Rep. 483.)

ROSENSTOCK et al. v. MONTAGUE.

(Supreme Court, Appellate Term. July 26, 1899.)

1. APPEAL—DIRECTION OF VERDICT.
    Where both parties request the direction of a verdict, and the party whose request is denied does not thereupon ask to go to the jury on the facts, and the judgment rendered on the verdict is affirmed, all controverted facts, and all inferences claimed by the prevailing party to arise from the evidence, must be deemed to have been conclusively determined in his favor.

2. PAROL EVIDENCE—NOTES.
    The fact that the demand note sued on was given on the distinct understanding that it should not be presented or payment demanded until a certain event had taken place, and that such event had not yet occurred, may be shown, since not varying the terms of the note.

Appeal from city court of New York, general term.

Action by Samuel Rosenstock and another, as executors, against Clara Montague. From a judgment for defendant, affirmed at general term (58 N. Y. Supp. 1148), plaintiffs appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Emanuel Arnstein, for appellants.
Noah Loder, for respondent.

FREEDMAN, P. J. The action is founded upon a demand note given by defendant to plaintiffs' testator. The answer alleges, in substance, that the note was given upon the distinct condition and understanding that the same should not be presented, or the payment thereof demanded, until a certain event had taken place, and that such event had not yet occurred. Upon the trial the defendant, against the objection and exception taken by the plaintiffs, was permitted to, and did, give proof in support of the defense pleaded; and at the close of the whole case both parties moved for the direction of a verdict, and neither asked to go to the jury. The court directed a verdict for the defendant. The judgment rendered upon the verdict having been affirmed by the general term of the city court, all controverted facts, and all inferences claimed by the defendant to arise from the evidence, must, for the purposes of the present appeal, be deemed to have been conclusively determined in favor of the defendant.

For the reasons stated, plaintiffs' exception to the reception of the testimony referred to presents the only question for review on this appeal. Under the decisions of Bookstaver v. Jayne, 60 N.

Y. 146; Juilliard v. Chaffee, 92 N. Y. 529; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; and Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119,—the said testimony was clearly admissible.

The cases relied on by the appellants, to the effect that the terms of the note cannot be varied by parol evidence, have no application to the case at bar.

Judgment affirmed, with costs. All concur.