Miller, Administrator, Appellant, vs. Slater, Administratrix, Respondent.

*May 1—May 31, 1913.*

*Bills and notes: Condition extinguishing note if payee dies before maker: Gifts.*

A promissory note payable to the maker's brother, providing that "should [the payee] die first this to be a gift to" said maker, is *held*, upon the evidence, to have been made to evidence a completed settlement between the parties, the gift clause meaning that the debt should be forgiven if the payee predeceased the maker, and being intended to take effect as a gift *in præsenti.*

Appeal from a judgment of the circuit court for Richland county: George Clementson, Circuit Judge. *Affirmed.*

In due course, plaintiff, as personal representative of George Richard Slater, filed a claim against the estate of W. J. Slater, deceased, for $2,180.85 on a promissory note and $817 on account. Defendant, as personal representative of the estate of W. J. Slater, put in issue the claim of plaintiff and counterclaimed for $2,259.16. There was an answer, putting in issue the allegations of the counterclaim. The trial in the county court resulted in these findings: George Richard Slater, a single man and owner and oper-

ator of a farm in Richland county, Wisconsin, died Feb-
ruary 5, 1911, aged fifty years and upwards. He had a
brother, W. J. Slater, whose wife was *Eudora Slater*. W. J.
Slater died February 12, 1911, aged fifty-eight years and
upwards. For some years prior to May, 1904, the two main-
tained separate homes and properties. Therefrom, and until
December 31, 1906, W. J. and wife lived with George, W. J.
assisting George with his farm work and the former's wife
attending to the housework, the services in the whole being
worth $1,480. There was no proof of payment, unless as
involved in the following transaction: December 31, 1906,
W. J. and his wife executed and delivered a promissory note
as follows:

"December 31st, 1906.
"Five years after date or at my death, for value received,
we promise to pay G. R. Slater or order at Richland Center,
Wisconsin, ($2,100) twenty-one hundred dollars, the above
amount being a part of the purchase money of land bought
of Juduthan Jones and deeded to W. J. Slater. Should
G. R. Slater die first this to be a gift to W. J. Slater.
"W. J. SLATER,
"EUDORA SLATER."

The note was dictated by George Richard Slater and Will-
iam J. Slater and written by the latter's daughter. She had
often signed her father's name and did so in his presence at
his request on this occasion. Mrs. Slater signed for herself.
George then said, speaking of the paper, "I want to give
W. J. that amount if he survive me, because I feel that I
owe it to him." No competent proof has been made of any
of the other of the claims involved.

Upon such facts the county judge found as matter of law
that the paper showed a settlement between the parties; that
the meaning of the paper is that the debt to George should be
forgiven in case of predeceasing W. J., and that such stipu-

lation entered into the consideration of the agreement and was a substantial basis to the agreement to forgive which took effect upon the contingency suggested, leaving nothing due to the estate of George.

From the county court judgment, based on the foregoing, an appeal was taken to the circuit court, where, on evidence substantially the same as indicated in the findings, particularly that the paper was found among George's papers after his death and that it was never in W. J.'s possession after the date of its execution, and evidence showing, circumstantially, that the paper grew out of some sort of a settlement of several matters between the parties, the findings and conclusions of law were affirmed and judgment was rendered accordingly.·

For the appellant there was a brief by *Lincoln & Brindley* and *Burnham & Black,* and oral argument by *O. D. Black* and *E. E. Brindley.*

For the respondent there was a brief by *Bancroft & Johns,* and oral argument by *L. H. Bancroft.*

MARSHALL, J.    The judgment must be affirmed.    The appeal does not present any question for consideration which warrants particular consideration except as to whether the condition in the note, in terms extinguishing it in case of the payee predeceasing his brother, was intended to take effect as a gift *in præsenti.*    That was a question of fact determinable by inference in the light of the circumstances characterizing the origin of the paper.    The court, as indicated in the statement, found in favor of the payors,—respondents here,—and the circuit court did the same.

Notwithstanding the rule that findings of fact should not be disturbed unless contrary to the clear preponderance of the evidence, does not apply to the particular instance with

any great force, it is not without some efficiency.   Moreover, the evidence, from an original standpoint, is quite persuasive in favor of the decision below.

It is conceded, as the fact is, that a gift, *inter vivos,* requires a completed transit of the subject of the transaction *inter partes,* and that the same is true in case of a *donatio causa mortis.   Schultz v. Becker,* 131 Wis. 235, 110 N. W. 214.   So it makes no difference about the class to which this belongs.   It seems that the particular event was not, strictly speaking, either the one or the other.   But it had more of the characteristics of the latter than of the former.   In case of the one the transaction should have the element of unqualified completion and dominion, *in præsenti,* without any element, necessarily, of contemplation of death; while in the other there is the element of such contemplation and of change of dominion, but with the incident of condition for divestment and reversion, as that of revocation by the donor before death, as illustrated by *Henschel v. Maurer,* 69 Wis. 576, 34 N. W. 926, of the donor predeceasing the donee, or *vice versa.* Here there was the condition of the one predeceasing the other, but it is quite evident that there was no particular thought of the event mentioned, occurring.

The evidence tends to show, and the court evidently found the fact to be, that the giving of the paper was the result of transactions of a pecuniary character or other mutual obligations which did not, as finally adjusted, require an unqualified payment, present or future, of the sum named in the paper.   So it was agreed that the settlement should be, presently, completed by the giving of the note, conditioned that it should not be paid, in case of the payee predeceasing his brother.   The settlement itself was a completed transaction. The giving of the paper was a part of it.   The parties intended it to evidence the nature and condition of the settlement,—that is, that the makers of the paper should pay the

payee the sum mentioned in five years in case of the latter surviving his brother, otherwise not. They thus arranged the matter and created evidence of it in their own crude way, leaving the writing somewhat ambiguous. But we are unable to say that the court below did not give to it the proper construction, in view of all the circumstances.

A person may make a note supported by a sufficient consideration, good or valuable, conditioned upon its being extinguished by a condition subsequent specified therein. Whether he could do so for the purpose of making a mere gift, subject to be recalled upon condition, the note being regularly delivered, is not involved in this case, as the trial court understood the evidence and not so much without warrant that we feel at liberty to reverse its decision. Thus we reach the conclusion stated at the outset and will not go into the subject of the evidence in detail by discussing it in this opinion. We have examined it with care and are pretty well satisfied it shows the intention of the parties to the paper expressed therein to be vindicated by the judgment complained of.

*By the Court.*—Judgment affirmed.