Belknap, }
Jan. 7, 1919. }

### ISAAC E. HARRIMAN, *Ex'r, v.* AMANDA BUNKER.

When delivery is made under circumstances which might constitute a *donatio causa mortis*, whether a gift is such or a gift *inter vivos* depends upon the intention of the donor.

When the donor's intention is that the gift should take effect immediately and the gift is executed by a complete and unconditional delivery at the time, the mere fact that he is *in extremis*, expects to die and does die of that illness does not affect the validity of the gift as a gift *inter vivos*.

Under P. S., *c.* 224, *s.* 17, permitting the surviving party to testify where otherwise injustice may be done, the fact that the executor was fully informed by him of the facts upon which he relied is not sufficient to sustain a finding that injustice may be done by not allowing him to testify as to the matter so communicated.

Where an illegal contract has been in part executed, the law will not lend its aid to undo what has been done or to enforce any part of the contract which has not been fully performed.

In assumpsit by an executor to recover money alleged to belong to the estate, he must establish a promise express or implied to make payment; evidence that money once belonging to the deceased was paid over by him to the defendant does not establish a promise of repayment.

ASSUMPSIT, to recover money drawn by the defendant from a savings bank upon the testator's written order.

Trial by the court, which found the facts as follows:

The plaintiff is executor of the last will of Edgar P. Stockbridge who died November 21, 1916. Sunday, November 19, 1916, Stockbridge gave the defendant his bank-book upon the Farmers' Savings Bank of Pittsfield with an order written that day and signed by him in the presence of one J. C. Pickering directing the bank to pay the amount due on the book to the bearer. Monday, November 20, one Greenshield, an employee of the defendant, by her direction presented the book and order to the bank, and collected and paid over to her the proceeds, $699.70. The testator, on November 19, told the defendant to get the money on deposit in the bank and from it to pay his taxes, a bill due Greenshield for services, the testator's burial and funeral expenses, make Mr. Pickering, the witness, a present and to divide the balance between herself and Greenshield. The defendant paid the taxes and bill for services and $57.49 to the executor toward the funeral and burial expenses which amounted to $101.

The act of drawing the order on Sunday was not to the disturbance of others and might reasonably have been thought by Stockbridge

a work of necessity in view of his physical condition. Stockbridge was then confined to his bed by the illness from which he died two days later.

In anticipation of his early death he intended to make the defendant a gift of the money without limitation except the charges above mentioned. He was of sound mind. The gift was reasonable and voluntary. The court thereupon found as matter of fact and ruled as matter of law that the gift of the $699.70 was not a *donatio causa mortis*, there being no reservation whereby the gift was to fail if the donor recovered from his illness, but was a gift *inter vivos*, the title and possession being absolutely parted with by the donor at the time; and that the gift was charged with the payment of certain indebtedness, a gift to Mr. Pickering, and the funeral and burial charges, and found a verdict for the plaintiff for the unpaid amount of the funeral and burial expense, $43.51. The plaintiff excepted to the finding and ruling that the gift was a gift *inter vivos*.

Prior to the bringing of the suit, counsel for the executor made a demand upon the defendant for the return of the money. Subsequently she called at his office and voluntarily informed him fully as to the transaction and conversation between herself and the deceased. Her statement was reduced to writing and signed by her, a copy being given her. Counsel took the statement to aid in the preparation of the case and the court being clearly of the opinion that injustice would be done, if the defendant did not testify, admitted her testimony subject to exception by the plaintiff. Transferred by *Sawyer*, J., from the October term, 1917, of the superior court.

*Edward A. Lane* and *Frank M. Beckford* (by brief and orally), for the plaintiff.

*Martin & Howe* (*Mr. Howe* orally), for the defendant.

PARSONS, C. J. A gift *donatio causa mortis* is one made by the donor under apprehension of death, revocable during the lifetime of the donor, and which will revert to him in case he shall survive the donee or shall be delivered from the peril of death in which it is made; while the distinguishing feature of a gift *inter vivos* is that it is unconditional and goes into immediate and absolute effect. In the latter case the donor intends to part with all control and dominion over the property. *Blazo* v. *Cochrane*, 71 N. H. 585, 587, 588; *Emery* v. *Clough*, 63 N. H. 552; *Reed* v. *Spaulding*, 42 N. H. 114, 119. If

the delivery is made under circumstances which might constitute a *donatio causa mortis*, whether the gift is such or a gift *inter vivos* depends upon the intention of the donor. It is not necessary that the condition should be declared by an express qualification accompanying the delivery. It may be found from the attending circumstances and ordinarily will be implied where the gift is made by a donor in apprehension of death. But the intention of the donor being one of fact, is to be found by the trier of fact from all the competent evidence presented. *Blazo* v. *Cochrane*, 71 N. H. 585; *Kenistons* v. *Sceva*, 54 N. H. 24, 37.

When it appears that it was the intention of the donor that the gift should take effect immediately and the gift was executed by a complete and unconditional delivery at the time, the mere fact that the donor is *in extremis*, expects to die and does die of that illness, does not affect the validity of the gift, because it is in such case a gift *inter vivos* and not a gift *causa mortis*. *Wilson* v. *Jourdan*, 79 Miss. 133. The absence of any hope of recovery may be regarded as evidencing an intent that the title should pass absolutely *in præsenti*. *Henschel* v. *Maurer*, 69 Wis. 576.

In the present case the court having found the fact that the gift was without limitation, was absolute, correctly ruled as matter of law that the gift was *inter vivos*. The exception to this finding and ruling is overruled.

The plaintiff calls attention to the fact that the transaction under investigation took place on Sunday. If for that reason the gift was void, the plaintiff is not helped because he could not take advantage of the illegal conduct of his testator. The contract of gift, if there was such a contract, was executed. In such case the law leaves the parties where it finds them and will not lend its aid to undo what has been done or to enforce any part of the contract which is not fully performed. *Thompson* v. *Williams*, 58 N. H. 248. So far as this claim by the plaintiff goes it is therefore unnecessary to consider whether the finding of fact that the transaction was not to the disturbance of others can be sustained (*George* v. *George*, 47 N. H. 27, 35) or whether the fact of necessity which is not found could be found from the evidence. The defendant does not object on this ground to the verdict for the balance of the funeral charges found against her. Whether the void character of the contract if established would affect the verdict or the materiality of the fact that the contract was made upon Sunday, upon the facts which may be found upon another trial, is not considered.

By the statute (P. S., *c.* 224, *s.* 16) the adverse party, where the other is an executor, is not a competent witness to facts occurring in the lifetime of the deceased, unless the executor elects so to testify. By the following section the adverse party may be permitted to testify when it clearly appears to the court that injustice may be done without the testimony of such party. P. S., *c.* 224, *s.* 17. Under this provision the adverse party is generally permitted to testify as to matters to which the deceased could not have testified although occurring in his lifetime and excluded from testifying as to facts as to which the deceased could have been a witness. *Howie* v. *Legro,* 78 N. H. 325, 326.

The exception to the admission of the defendant's testimony upon the ground that such admission was necessary to prevent injustice transfers the finding of fact. There is nothing in the case to take it out of the ordinary rule. If the executor had made the defendant a witness by taking her deposition he would have thereby elected to testify and waived all right of objection. The defendant would have been a competent witness under *section* 16. *Barrett* v. *Cady,* 78 N. H. 60, 65; *Clark* v. *Clark,* 76 N. H. 430; *Palmer* v. *Bass,* 69 N. H. 300.

In the present case no effort was made to take the defendant's deposition. The cases cited do not apply. Nor is evidence that the defendant informed the executor or his counsel fully of the facts upon which she relied sufficient to sustain a finding that injustice may be done if she is not allowed to repeat on the stand what she told counsel. There is no suggestion of any compulsion, fraud, deceit or improper action on the part of the executor or his counsel, if evidence of that character would tend to sustain the finding of injustice. It would seem to have been the duty of the executor to inquire as to the title to property of the testator found after his death to be claimed by another. Inquiry of the claimant as to the nature of her title cannot be held an excess of duty or a wrong to the claimant. The defendant voluntarily informed the executor as to the facts. His counsel if he had deemed it advisable could have made her a witness. His decision not to call her does not give her an equitable right to testify. What the result would have been if the executor had used the defendant's signed statement at the trial is not considered. Nothing of the sort was attempted. The exception to the testimony of the defendant is sustained.

Whether there was evidence aside from that of the defendant to the absolute gift of the bank-book does not appear. But the plaintiff

would not necessarily be entitled to judgment if there were none. This is not a proceeding to establish the defendant's title to property of the deceased in the hands of the executor, but is assumpsit by the executor to recover money which he claims belongs to the estate. To recover he must establish a promise express, or implied, to make payment. Evidence that property or money once belonging to the deceased was paid over to the defendant by the deceased in his lifetime does not establish a promise of repayment. *Barrett* v. *Cady*, 78 N. H. 60, 67; *Coburn* v. *Storer*, 67 N. H. 86; *Fall* v. *Haines*, 65 N. H. 118. Until it is found the deceased gave the bank-book to the defendant to collect the money without intending to pass the title, from which the law would imply a promise to repay, or gave it to her upon her promise express, or implied in fact, to repay at some time or under some circumstances the plaintiff cannot recover.

*New trial.*

All concurred.