Hillsborough, }
Dec. 5, 1922. }

### EDWARD L. BAILEY, *Adm'r, v.* ANNABELLE C. BAILEY.

REPLEVIN, for a sealskin coat. The defendant claimed the coat by gift from the plaintiff's wife a short time before she died. Trial by jury before *Marble*, J., who, subject to exception, denied the plaintiff's motion for a directed verdict. The plaintiff also excepted to statements made in the argument for the defendant. These statements were not withdrawn, and the court refused to find that the argument was not prejudicial and did not render the trial unfair. Transferred from the September term, 1921, of the superior court by *Marble*, J.

*William W. Forbes*, for the plaintiff.

*Doyle & Doyle*, for the defendant.

*Per Curiam.* If the jury believed the defendant's testimony that the coat was delivered to her as a gift by the plaintiff's wife in her lifetime, the plaintiff then taking and ever since retaining possession thereof, they could find a gift *inter vivos* completed by delivery of the subject of the gift. The plaintiff's contention that because the gift was made during the donor's last illness the gift as matter of law was a gift *causa mortis* was held unsound in *Harriman* v. *Bunker*, 79 N. H. 127.

The exception to the refusal to order a verdict is overruled. The statements of counsel to which exception was taken are not sustained by the evidence. The refusal of the court to find the verdict was not affected thereby leaves undisturbed the legal inference that the verdict may have resulted thereform. As the defendant has not established as a fact that the error was harmless, the verdict must be set aside.

*Exception to argument sustained: new trial.*