**DAUGHERTY v. PREUITT, Adm'x.**

No. 15112—Opinion Filed July 14, 1925.

(Syllabus.)

**Bills and Notes—Validity of Land Contract —Deed with Reservation of Life Interest—Purchase Money Notes to Be Canceled if Purchaser Outlived Vendor.**

O. S. Preuitt entered into a contract and agreement with Virgie Daugherty by which said O. S. Preuitt conveyed by warranty deed to Virgie Daugherty certain real estate situated in Lawton, Okla., for a consideration of $3,500, $600 of said consideration being paid in cash, and the balance evidenced by unsecured promissory notes. The deed contained the following proviso: "The said grantor hereby reserves to himself the use and benefit of said propery for and during his natural life." The notes contained the following proviso: "If the payee of this note does not survive the maker thereof, then this note is not to be paid, but is to be canceled and surrendered." Later, O. S. Preuitt departed this life, intestate. In an action by the administratrix of his estate to have said notes declared a lien on said property, held, that this was not a renunciation of said notes, but was a contract entered into by and between the parties for good and valuable consideration, and that

the same was not in violation of any statute of Oklahom and not against public policy; that the plaintiff cannot recover on said notes, and that the same should be canceled and surrendered.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by Bertha Preuitt, administratrix, against Virgie Daugherty. Judgment for plaintiff, and defendant appeals. Reversed.

Stevens & Cline, for plaintiff in error.

E. L. Richardson, for defendant in error.

CLARK, J. This action was commenced in the district court of Comanche county, state of Oklahoma, by Bertha Preuitt, as the administratrix of the estate of Oren S. Preuitt, deceased, against Virgie Daugherty. For convenience the parties will be referred to as they appeared in the trial court.

Plaintiff alleged that on or about the 15th day of March, 1922, Oren S. Preuitt, a resident of Comanche county, state of Oklahoma, departed this life, intestate, in said county and state. And that on the 3rd day of April, 1922, she was regularly appointed administratrix of the estate of the said Oren S. Preuitt, and was at the time of the filing of this suit duly qualified and acting, such administratrix. Plaintiff further alleged that said Oren S. Preuitt was 75 years old at the time of his death; that since the death of his wife in the year of 1915, he had appeared to be dispirited; had lived alone most of the time and had gradually declined in health until about the month of December, 1921, at which time he was so mentally depressed and physically weak that he was for a time confined to his room in bed; and from which time such weakness and mental depression so continued and grew upon him that he became and was wholly incapable of looking after and properly taking care of his financial affairs. That at the time, he owned three pieces of real estate in the city of Lawton, upon which taxs were delinquent, and upon one of which there was a mortgage past due. That at some time prior to the 8th day of February, 1922, the exact date of which is unknown to plaintiff, the defendant, Virgie Daugherty, came from her home in Texas to Lawton, at the time well knowing the mental, physical, and financial condition of the said Oren S. Preuitt to be as aforesaid, and by the exercise of persuasion and undue influence, and for the advancement of $600, and the execution of said unsecured promissory notes, induced the said Oren S. Preuitt to convey to her by warranty deed lot 16, in block 61, in the city of Lawton.

Said deed was filed for record in the office of the county clerk in said county on the 11th day of February, 1922.

Plaintiff further alleged that the defendant executed six unsecured promissory notes, one in the sum of $400, due one year from date, and five in the sum of $500 each, due two, three, four, and five years after date. Plaintiff further alleged that the defendant induced the said Oren S. Preuitt to sign the following indorsement upon each of said notes:

"If the payee of this note does not survive the maker thereof then this note is not to be paid, but is to be canceled and surrendered. Oren S. Preuitt."

The plaintiff tendered into court the sum of $600, the amount paid by the defendant at the execution and delivery of the deed. Plaintiff prayed judgment against defendant for cancellation of said deed, and in the alternative, that said notes be declared a valid lien on said real estate.

The defendant, Virgie Daugherty, answering by way of a general denial, and further answering, said she became the purchaser of real estate, in said plaintiff's petition described, for good, valuable, and sufficient consideration, and that said decedent had the right to and did voluntarily and intentionally, because of the relationship said decedent sustained to said defendant, and because of the fact that said defendant had extended to him great care and consolation in his lifetime, indorse the said notes given as a part and parcel of the transaction as in said plaintiff's petition alleged; and prayed that said plaintiff take nothing by her said action and that the notes referred to in said plaintiff's petition be ordered surrendered up and canceled, and that title be quieted in the defendant.

The court rendered judgment in favor of the plaintiff, declaring said notes to be a valid obligation of the defendant to the estate of said Oren S. Preuitt, and that the plaintiff is entitled to have a lien declared upon the said land to secure the payment of said notes, and was entitled to judgment on the note of $400, due February 8, 1923. A timely motion for a new trial was filed, which was by the court overruled, and the case is properly before this court on appeal.

From the findings of the trial court and the judgment rendered therein, the issue as to the deed being procured by undue influence was found in favor of the defendant, and the court found that the deed conveyed the title to the defendant, Virgie Daugherty.

The only question presented to this court on appeal is whether or not the indorsement on said notes signed by the payee of said notes rendered the notes invalid upon the death of said payee. Section 7792, Rev. Laws 1910, provides:

"The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument, discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the pers⸗ primarily liable thereon."

The trial court rightfully held that this was not a renunciation of the instrument, for the reason this indorsement is a conditional agreement, and the statute quoted above provides an absolute and unconditional renunciation.

The record in this case discloses that the defendant was a niece of the wife of the decedent and not an heir at law of the decedent. The record further discloses that intimate and friendly relations had existed between the defendant's family and the decedent over a period of several years, that the decedent had lived in the home of the defendant, had been in partnership and business with the defendant's father, and that their relations over a long period of time had been very friendly. The record further discloses that the defendant came to Lawton at the request of the decedent; and that the notes and deed referred to herein were the result of an agreement and contract voluntarily entered into between the decedent and the defendant.

The testimony of the attorney who prepared the deed and notes was, in substance, as follows: That the decedent, O. S. Preuitt, came to his office and had prepared the deed and notes in question herein. He also testified that the defendant was not present at the time decedent had the deed and notes prepared, and he stated to the attorney that he wanted to convey this property to his niece and wanted to make the notes and wanted them paid if he lived; if he didn't live, he didn't want them to be paid. The deed recited that the grantor, the decedent, was to retain possession of said property during his life; the notes were to be paid if the decedent lived; if he died, they were not. This was a contract, and is not in violation of any statute and not against public policy. The trial court at the close of the evidence made

this statement: "There couldn't be any inference or deduction of undue influence."

The record discloses that the decedent was competent to conduct his own affairs, and that he was not taken advantage of by the defendant in any manner. The defendant paid the decedent $600 in cash as a consideration for the deed, and as a part and parcel of the same contract the notes were executed to be paid if the decedent lived, and if the decedent died, they were not to be paid. This was a good contract for the decedent, for if he had lived, he would have retained the use and benefit of his property and would have received from the defendant each year thereafter as the notes became due the amount stated therein. The defendant could not anticipate, neither could the decedent, the length of time the decedent would live after said notes were executed. The record discloses the approximate cause of decedent's death was an accident; that he fell and broke his hip.

To hold that these notes were enforceable and a lien on this property, is to make a new and different contract from the one entered into by the decedent and the defendant; the proviso was a part of said notes at the time defendant executed same. We are of the opinion that said notes should be canceled and surrendered to the defendant, and that the trial court erred in not so holding.

The cause is, therefore, reversed and remanded, with directions to the trial court to enter judgment for the defendant, canceling said notes.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 8 C. J. p. 611, § 848.