MARY KELLY, Appellant, v. JOHN H. EGGERS, Respondent.

First Department, April 5, 1929.

*Martin Conboy* of counsel [*David Asch* with him on the brief; *Griggs, Baldwin & Baldwin*, attorneys], for the appellant.

*John T. Easton*, for the respondent.

McAvoy, J. The court at Special Term refused to strike out, under rule 109 of the Rules of Civil Practice, certain defenses as insufficient in law in an action on a demand promissory note in the sum of $5,000, which note was accompanied by collateral deposited as security for its payment.

The first defense alleged sets out that the plaintiff is not a *bona fide* holder and owner of the note and that it was not presented and demand made for payment. If plaintiff is not a *bona fide* holder of the note the effect of this situation is to render the note subject to such defenses as are available against an original payee who knew all of the infirmities of the note or was chargeable with knowledge thereof. As to the necessity for presentment and demand between the maker and holder of the note which is so payable, it is both statutory law (Neg. Inst. Law, § 130) and case law that no presentment and demand is necessary as a precedent condition to make the note mature into a chose in action.

The second defense asserts that defendant was the owner of the collateral mentioned in the note which was 100 shares of stock of a corporation and a policy of insurance on defendant's life; that one Byrne, the indorser to plaintiff, and to whom the note was made, for himself and others, agreed to loan defendant's corporation $15,000 and other sums of money upon certain conditions to be provided for in an instrument in such form as was approved by Mr. Byrne or his representative; that pending the drafting of the agreement, Byrne agreed to advance this $5,000 on account " of a total initial amount of $15,000 to be advanced under the terms of said agreement;" that on or about March 8, 1922 (the date of the note), Byrne represented to defendant that he had arranged to advance this sum of $15,000 in instalments, the first of which was to be $5,000 for which the company was to give its note indorsed by the defendant. It is then alleged that the indorsement by this defendant of the $15,000 note was to be secured by a mortgage upon certain copyrights and certain insurance policies on defendant's life, and that as additional compensation for said loan of $15,000 Byrne and his associates were to receive ten per cent of the profits of the company pending repayment. It is then alleged that the $5,000 loan was to be evidenced by Mr. Byrne's check to the cor-

poration upon the conditions set out in a letter which reads as follows:

" RALPH M. ARKUSH, Esquire,
" 37 Wall Street,
" New York, N. Y.

" DEAR SIR.— Pending the completion of an arrangement between John H. Eggers Co. Inc., and your clients with respect to an advance of $15,000 and further advances at their option, and upon receipt from you today of check of Mr. James Byrne for $5000 to order of John H. Eggers Co. Inc., I am handing you my demand note to order of Mr. Byrne for $5000 secured by pledge of 110 shares of capital stock of said Company and assignment to Lenore B. Sullivan of Policy No. 993392 of the Penn Mutual Life Insurance Company for $5000 insurance on my life. Certificates for said stock, endorsed in blank, and said policy and assignment, are handed you herewith.

" It is understood that this note will be replaced by a note or notes of the Company, endorsed by me, as soon as the arrangement above mentioned is completed, and the collateral aforesaid will be disposed of pursuant to such arrangement.

" Very truly yours,

" Received the above Note, stock certificates, policy and assignment.

" March 8, 1922.

" .............................. "

It is then alleged that Byrne's check for $5,000 was delivered; that relying upon the representations the defendant executed and delivered the promissory note in suit and the collateral referred to therein, and assigned his insurance to a Miss Sullivan, who when the note was delivered was Byrne's representative, and that defendant executed in duplicate a letter, being the same as that just quoted; that the check, the note and the collateral were delivered and accepted subject to the terms of that agreement; that defendant delivered the check to the corporation; that the corporation and the defendant were ready, willing and able to perform the conditions and provisions under which the said loan of $15,000 was to be made to the corporation, but that Mr. Byrne refused to carry out the agreement or to make the loan; that defendant demanded the return of the note and the collateral, but Byrne refused and converted the same; that Miss Sullivan received the assigned insurance policy as agent for Mr. Byrne; and that plaintiff acquired no right until February, 1928, when she knew or might have known the facts set forth in the defense.

Since there is no allegation that the note was not founded on a sufficient consideration, but in fact the defendant alleges that Byrne paid $5,000, the full amount of the note, to the corporation in which the defendant was interested and for which he was arranging financial assistance, the only point of defense on which defendant could prevail would be that the recital contained in the letter constitutes a delivery with a condition precedent upon which the note was to take effect. The defense is that the note of the defendant was to be replaced by a note or notes of the company, indorsed by defendant as soon as the arrangement mentioned in the letter was completed, and the collateral was to be disposed of according to such arrangement; that Byrne refused to carry out the terms of the arrangement which it is not shown ever had been fixed, and, therefore, he was without right to recover the money he had advanced. The theory is that the note and collateral were delivered subject to the condition that the note was to be replaced by a note or notes of the company. This does not constitute a condition precedent, as a result of which an instrument does not become effective until the happening of a certain event. It is a condition subsequent which merely provides for the discharge of the instrument by a provision with respect to the method of substituting notes of the corporation for this note of the defendant. Here the note was delivered absolutely in consideration of the payment of $5,000. The delivery was not conditional. It was complete. The refusal of the payee to abide by the agreement as to the discharge of defendant's liability was the breach of a condition subsequent which under the facts alleged does not establish a defense to the note. There is no requirement here that the collateral should be tendered to the maker of the note prior to suit or at the trial. The return of the collateral and the surrender of the note stand upon the same footing. The maker is entitled to the collateral upon the payment of the amount due.

The proper practice is to set up the facts as a counterclaim with respect to the collateral and ask that upon payment of the amount due plaintiff be required to deliver up the collateral. No such defense is pleaded, and accordingly the order should be reversed, with ten dollars costs and disbursements, and the motion to strike out the defenses upon the ground that they are insufficient in law granted, with ten dollars costs, with leave to the defendant to serve an amended answer within ten days on payment of said costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within ten days from service of order with notice of entry thereof upon payment of said costs.