MARY KELLY, Respondent, *v.* JOHN H. EGGERS, Appellant.

First Department, March 18, 1932.

*Emanuel M. Ostrow*, for the appellant.

*Martin Conboy* of counsel [*David Asch* and *William J. Butler* with him on the brief; *Martin Conboy*, attorney], for the respondent.

O'MALLEY, J. The plaintiff has had judgment on defendant's promissory note. The question presented is whether the defendant was entitled to present proof in support of the issues raised by his amended answer. His defenses were stricken out after the opening statement of his counsel. This ruling was predicated upon our decision on a former appeal in which the defendant's original answer was held insufficient. (*Kelly* v. *Eggers*, 225 App. Div. 511.)

The plaintiff concededly is in the position of an assignee. The note in question was dated March 8, 1922, and was for the sum of $5,000 to the order of one Byrne on demand. It was not assigned to the plaintiff until February 28, 1928, a few days prior to the commencement of this action and shortly before the Statute of Limitations would have run.

The complaint is in the usual form and plaintiff proved her *prima facie* case by offering the assignment and the note. The defendant admitted its making. When defendant's counsel outlined his defenses, both plaintiff's counsel and the learned trial justice were of the opinion that our former decision foreclosed the defendant of his right to prove the defenses in his amended answer. We are of opinion that our former decision was not *res adjudicata* on the pleadings; nor was it controlling on the facts as adduced at the trial.

On the prior appeal we were considering a question of pleading merely and were bound by the averments as then presented. Plaintiff then was proceeding on the theory that she was a holder in due course. On the trial her counsel admitted that she was a mere assignee and that any defenses available against the original holder of the note would be available against her. On the prior appeal the defenses did not plead a condition precedent, but merely set

up a written agreement (hereinafter set forth) between the defend-
ant and plaintiff's assignor.

The second defense in support of which proof was tendered is
to the effect that the defendant was the owner of 110 shares of the
capital stock of a domestic corporation known as John H. Eggers
Co., Inc.; that Byrne, the payee of the note, had agreed to loan such
corporation the sum of $15,000 upon terms and conditions agreed
upon between Byrne, the corporation and the defendant; that as
part of such agreement the corporation agreed to execute and
deliver its notes in the aggregate sum of $15,000 with interest at
six per cent, to be indorsed by the defendant. It is further set
forth that Byrne represented to the defendant that one Arkush,
an attorney, was his agent and representative in connection with
said loan to the corporation, which was to be secured by certain
specified collateral; that pending the physical carrying out of the
arrangement for such loan of $15,000 to the corporation, Byrne
agreed to loan to it the sum of $5,000, subject to the condition
that in consideration of the $15,000 loan, the defendant would make
and deliver to Byrne his note for $5,000 secured by collateral;
that the consideration for the making and delivery of the $5,000
note was the agreement on the part of Byrne to make the $15,000
loan to the corporation, all subject to the condition precedent that
the $5,000 note was not to become a binding obligation unless and
until the said $15,000 loan was made; that when the latter loan was
made, Byrne would accept in payment of defendant's $5,000 note
the other note or notes of the corporation of the same amount,
indorsed by the defendant. It is further set forth that Byrne
then gave his check through Arkush for $5,000 payable to the
corporation, which received the proceeds thereof through the
defendant.

The defense further pleads, and defendant offered to prove, that
at all times the corporation was ready, able and willing to duly
perform the conditions and provisions of the $15,000 loan; and
likewise that the defendant was ready, able and willing to perform
on his part, but that Byrne refused and has continued to refuse
to carry out the terms respecting the $15,000 loan to the corpora-
tion. The letter read in evidence and which on the prior appeal
was set forth in the answer, reads as follows:

" *March* 8th, 1922.

" RALPH M. ARKUSH, Esquire,
    " 37 Wall Street,
        " New York, N. Y.

" DEAR SIR. Pending the completion of an arrangement between
John H. Eggers Co., Inc., and your clients with respect to an advance

of $15,000 and further advances at their option, and upon receipt from you today of check of Mr. James Byrne for $5,000 to order of John H. Eggers Co., Inc., I am handing you my demand note to order of Mr. Byrne for $5,000 secured by pledge of 110 shares of capital stock of said Company and assignment to Lenore B. Sullivan of Policy No. 993392 of the Penn Mutual Life Insurance Company for $5000 insurance on my life. Certificates for said stock, endorsed in blank, and said policy and assignment, are handed you herewith.

" It is understood that this note will be replaced by a note or notes of the Company, endorsed by me, as soon as the arrangement above mentioned is completed, and the collateral aforesaid will be disposed of pursuant to such arrangement.

" Very truly yours,

" Received the above Note, stock certificates, policy and assignment.

" *March* 8, 1922."

We are of opinion that in the circumstances disclosed the defenses should not have been stricken out and that the defendant should have been permitted to make further proof. Both questions of law and issues of fact were tendered. In the first place, there was here pleaded and sought to be proved, a true condition precedent to the effect that the defendant's note was not to take effect until the $15,000 loan had been made in full to the corporation. If this was established, the note sued upon would have had no valid inception and no recovery could have been had upon it. The letter read in evidence and detailed above is not inconsistent with the defense pleaded. It did not state that the defendant's note was given in exchange for the advance of $5,000 to the corporation, but merely that it was given upon the receipt of the check for such amount and that it was given " pending the completion of an arrangement between John H. Eggers Co., Inc.   *   *   * " and the plaintiff " with respect to an advance of $15,000." It also recites the note was to be replaced by a note or notes of the company indorsed by the defendant when this arrangement was completed. This letter does not unqualifiedly show a valid inception of the note. The writing, having passed between the immediate parties, was admissible in evidence. (*Ewing* v. *Wightman*, 167 N. Y. 107.) The main agreement between Byrne, the defendant and the corporation having been specifically referred to therein, it was competent to show by parol evidence, not inconsistent with the main agreement, the full extent and the true nature of the arrangement. (*Ruppert* v. *Singhi*, 243 N. Y. 156, 160.) The obligations, if any,

of the defendant upon this note and of Byrne under the agreement to make the $15,000 loan, were, under the circumstances, not independent, but dependent and concurrent obligations, under the theory of *Kennelly, Inc., v. Shapiro* (222 App. Div. 488; affd., 250 N. Y. 523).

The defendant having offered to prove that the consideration for his note was the loan to be made to the corporation for $15,000, plaintiff should not recover without proof of performance on her part. The note was not to take its inception, moreover, until the loan was made. It was to be paid under the agreement to be carried out by Byrne, not in cash, but by the giving of a note or notes of the corporation, which were to be indorsed by the defendant. If Byrne improperly failed to carry out his agreement and the defendant and the corporation made proper tender of performance on their part, or were ready, able and willing to so do, there would be no right of recovery on the part of the plaintiff assignee.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.