THOMPSON et al. v. KAY.

No. 5936. Decided June 13, 1938. (80 P. 2d 335.)

*Chris Mathison* and *W. C. Hurd,* both of Salt Lake City, for appellant.

*W. D. Beatie* and *A. H. Hougaard,* both of Salt Lake City, for respondents.

LARSON, Justice.

Plaintiffs sued defendant in the District Court of Salt Lake County on a promissory note and recovered judgment. Defendant appeals. The note, dated October 9, 1933, is for the sum of $600.00 payable $200.00 per year with interest payable semi-annually at the rate of 6% per annum from date until paid. The maker also agreed to pay a reasonable attorney's fee. The note, which was signed and delivered by appellant, included the following provisions:

"The holders shall have the right to declare this note due and payable for default in payment of interest * * * It is also understood and agreed that the entire amount of this note shall be canceled providing a certain loan is approved as applied for by Joseph Thompson on property located in Hobble Creek Canyon, Utah, which property has now been sold to S. E. Cassity of Salt Lake City, Utah. In case said loan is not made on or before one year from date hereof, the maker of this note agrees to secure the above mentioned sum with a good and sufficient first mortgage on property located at 1005 Major Street, Salt Lake City, Utah."

The note was part of a three-sided agreement, involving Respondent Thompson, Appellant Kay, and S. E. Cassity, by

which the parties exchanged properties. Oliver Hansen acted as real estate broker for the parties. Originally appellant exchanged his Salt Lake property for Thompson's Hobble Creek ranch. Preferring city property, appellant then transferred the ranch to S. E. Cassity for the latter's Salt Lake property. It was conceded by all parties concerned in the first exchange, involving Thompson's ranch and Kay's city property, that the ranch was worth $600.00 more than the city property, so appellant owed Thompson this difference. Appellant agreed to make the note in question, containing the provision concerning the approval of the loan, by which method Thompson might secure his $600.00. Since Cassity is not a party to the note and the transaction with him is not involved in this case, we must not indulge in conjectures as to just what was the agreement with him. This cause involves the effect of a valid non-negotiable note, and necessitates the determination of the following questions: (1) Did the promissory note evidence a present obligation on the maker's part? (2) Did the recital "which property has now been sold to S. E. Cassity of Salt Lake City, Utah" affect the obligatory terms of the instrument?

The first question must be answered in the affirmative for the obligation of the maker, appellant, to pay the note when due was not affected by the condition contained in the note, namely:

"It is also understood and agreed that the entire amount of this note shall be cancelled providing a certain loan is approved as applied for by Joseph Thompson on property located in Hobble Creek Canyon, Utah, * * * In case said loan is not made on or before one year from date hereof. * * *"

This term in the note was the expression of a condition subsequent to the maker's liability on the note, which liability arose upon appellant's signing the instrument and delivering it to the payees, the respondents. It is generally recognized that a note, supported by a sufficient consideration, may be conditioned on its being extinguished by a condition subsequent, which is specified in the note. *Kelly* v.

*Eggers,* 225 App. Div. 511, 233 N. Y. S. 638; *Daugherty* v. *Prewitt,* 113 Okl. 66, 242 P. 529; *Miller* v. *Slater,* 154 Wis. 35, 142 N. W. 124; *Novak* v. *Lovin,* 33 N. D. 424, 157 N. W. 297. If there had been compliance with the condition subsequent, it would have been available to appellant as a defense to the cause of action when pleaded affirmatively. But since the evidence clearly justifies the finding that the loan in question was not approved, the terms upon which liability on the note might be defeated were not met and the obligations of the maker to pay principal and interest continued in full force and effect. The determination that the instrument took effect upon delivery settles the question as to the interest which likewise commenced to run at the date of its delivery.

The intent of the parties is clearly expressed in the note itself and reference to parol evidence to determine the terms of the transaction only strengthens the view that appellant agreed to pay $600.00, the amount of the note. Appellant's obligation towards Thompson was probably expected to take the form of either (a) the assumption of an existing $4,400.00 mortgage on the ranch property and the execution of the $600.00 note, or (b) the assumption of the $5,000.00 indebtedness on the property in the event Thompson would be able to secure the loan referred to, whereby the $600.00 due him as the differential in the transaction would be paid from such loan on the ranch property. The first method of payment was actually commenced and was to continue unless replaced by the second method of payment or some other agreement. Likewise, the note in question would continue to be a valid obligation binding the maker unless and until this obligation is extinguished by the occurrence of the condition subsequent, or some new arrangement replacing the former agreement, the note.

The case of *Kelly* v. *Eggers,* supra, involved a note for $5,000.00 and to secure its payment the maker had deposited collateral. It was agreed by the maker that (page 640)

"this note will be replaced by a note or notes of the company, indorsed by me, as soon as the arrangement above mentioned is completed * * *." The court held that this term was the expression of a condition subsequent to the maker's liability on the instrument, saying:

"Since there is no allegation that the note was not founded on a sufficient consideration, but in fact the defendant alleges that Byrne [the payee] paid $5,000, the full amount of the note, to the corporation in which the defendant was interested, and for which he was arranging financial assistance, the only point of defense on which defendant could prevail would be that the recital contained in the letter constitutes a delivery with a condition precedent, upon which the note was to take effect. The defense is that the note of the defendant was to be replaced by a note or notes of the company, indorsed by defendant, as soon as the arrangement mentioned in the letter was completed, and the collateral was to be disposed of according to such arrangement; that Byrne refused to carry out the terms of the arrangement which it is not shown ever had been fixed, and, therefore he was without right to recover the money he had advanced.

"The theory is that the note and collateral were delivered subject to the condition that the note was to be replaced by a note or notes of the company. This does not constitute a condition precedent, as a result of which an instrument does not become effective until the happening of a certain event. It is a condition subsequent, which merely provides for the discharge of the instrument by a provision with respect to the method of substituting notes of the corporation for this note of the defendant. Here the note was delivered absolutely in consideration of the payment of $5,000. The delivery was not conditional. It was complete. The refusal of the payee to abide by the agreement as to the discharge of defendant's liability was the breach of a condition subsequent, which under the facts alleged does not establish a defense to the note. There is no requirement here that the collateral should be tendered to the maker of the note prior to suit, or at the trial. The return of the collateral and the surrender of the note stand upon the same footing. The maker is entitled to the collateral upon payment of the amount due."

*Daugherty* v. *Preuitt, supra,* involved notes containing this provision, signed by the payee (page 530) : "If the payee of this note does not survive the maker thereof, then this note is not to be paid, but is to be canceled and surrendered." The payee died and his administratrix sued the

maker of the notes which were supported by sufficient consideration. The court denied recovery, holding that the notes should be canceled and surrendered. The Court said that the notes were the result of an agreement voluntarily entered into between the decedent (payee) and defendant, and that the provision in dispute was a part of the notes when defendant executed them. In the very similar case of *Miller* v. *Slater*, 154 Wis. 35, 142 N. W. 124, the court reaches the same conclusion, saying (page 125) :

"So it was agreed that the settlement should be, presently, completed by the giving of the note, conditioned that it should not be paid, in case of the payee predeceasing his brother. The settlement itself was a completed transaction. The giving of the paper was a part of it. The parties intended it to evidence the nature and condition of the settlement,—that is, that the makers of the paper should pay the payee the sum mentioned in five years in case of the latter surviving his brother, otherwise not. * * *

"A person may make a note supported by a sufficient consideration, good or valuable, conditioned upon its being extinguished by a condition subsequent specified therein."

The execution of the note was a part of the exchange of properties for it was then agreed that the note for $600.00 should be given by appellant and the general terms to be inserted in the note were then decided. The fact that the actual signing and delivery of the note occurred a couple of days later does not make it an independent transaction. It was an integral part of the agreement for the exchange of properties and so was supported by valid consideration.

Second, did the recital "which property has now been sold to S. E. Cassity of Salt Lake City, Utah" affect the obligatory terms of the instrument? As far as appellant's liability to pay the note is concerned this clause is important only in so far as it may be construed to show notice on the maker's part of the improbability of the fulfillment of the condition subsequent, which fulfillment would terminate his liability to pay the instrument. Appellant read the note and knew of this clause when he signed

it and delivered it to the payees. When the three-sided deal was made all the parties to it realized that Cassity became the owner of the ranch property and would acquire the legal title. The vendor of the property would not thereafter be the proper person to encumber the property, even though his application for a federal loan had been filed for over three months. The holder of the record title himself is the usual person to place indebtedness on his property and mortgage it.

The lower court found that the sum of $120.00 for the two attorneys was a reasonable fee, and we do not consider this finding to be arbitrary.

The judgment of the lower court is affirmed. Costs to respondents.

FOLLAND, C. J., and HANSON, MOFFAT, and WOLFE, JJ., concur.