FADEX FOREIGN TRADING CORPORATION, Plaintiff, *v.* CROWN STEEL CORPORATION, Defendant.

Supreme Court, Special Term, New York County, March 20, 1947.

*Frank G. Opton* and *Austin D. Graham* for plaintiff.
*Schlesinger & Krinsky* for defendant.

SHIENTAG, J. This is a motion for reargument and a rehearing on new facts of an order denying motion for partial summary judgment. The plaintiff moves to strike out the answer of the defendant with respect to the third, fourth and fifth causes of action and with respect to a portion of the first cause of action, namely, the failure of the defendant to deliver to plaintiff 153,500 pounds of plain galvanized soft steel wire in accordance with the terms of the contract. The breach of contract pleaded the failure to deliver wire ordered pursuant to written contracts. The contract of March 7th provided time of delivery "Ready now". The contract of March 27th provided time of delivery "Prompt". The contract of April 2d provided time of delivery "Within 4 to 6 weeks, if possible earlier". A similar time of delivery was given in the contract of April 3d.

There was an arbitration clause in the contract providing that the contract in its performance shall be governed by the laws of the State of New York and that any dispute arising out of or in connection with the contract shall be settled by arbitration under the rules of the American Arbitration Association. There is a condition of purchase that the specified time of shipment is an essential part of the contract and any delay shall constitute a breach. It is also provided that no oral arrangement, waiver or modification of this contract shall be binding unless confirmed in writing.

The affidavit in opposition to the motion for summary judgment states that in March, 1946, it was extremely difficult to obtain new galvanized steel wire. About March 6, 1946, a broker called at defendant's office and asked whether such wire could be supplied. Later the plaintiff's vice-president spoke to defendant's president and the latter said that he might be able to locate new galvanized wire. The National Wire Rope Products Co. advised defendant that they could supply certain specified quantities and defendant quoted plaintiff a price for wire naturally slightly higher than the National Wire Rope Products Co. was prepared to sell. Because of the conditions prevailing defendant could make no definite commitments. Plaintiff said that because of the conditional nature of the transaction plaintiff would furnish a letter of credit, valid for one month, payable against dock receipts, and defendant said that was satisfactory. Shipping instructions were to be furnished as defendant notified plaintiff that the wire was available and plaintiff would be able to make an inspection of the same. The affidavit goes on: " I told Mr. Oppenheimer that I wanted it clearly understood that the acceptance of an order would not be effective as to either plaintiff or defendant unless defendant actually obtained the wire within a month, and Mr. Oppenheimer stated that such arrangement was agreeable to him and that plaintiff would send in an order with that understanding."

The first order of March 7th was then sent in and accepted. It specified, as already noted, immediate delivery. One hundred thousand pounds of wire were offered in the latter part of March, 1946, and were accepted and paid for. This 100,000 pounds, 16 gauge, was only a portion of the contract of March 7th. Then negotiations were made for the second order and defendant told plaintiff that it could probably obtain 125,000 pounds of No. 2 gauge provided that a letter of credit, valid for one month, be issued on the same understanding that the order was not to become effective as to either party unless defendant actually obtained the wire within one month's time. That condition was assented to. The orders of April 2d and 3d were accepted subject to the same understanding. Plaintiff's officer, Oppenheimer, continued to inquire about delivery of the wire and defendant said that his supplier was unable to give definite assurance as to when the wire would become available. The letter of credit of March 12, 1946, was extended by agreement to May 5, 1946, which indicates that there is con-

siderable substance to defendant's claim that these contracts were conditional.

On April 25, 1946, plaintiff wrote a letter to the defendant stating that defendant had specifically said that it would not sell steel unless it had the merchandise physically in its warehouse. Defendant quotes this letter to establish that there had been discussions between Oppenheimer and the president of defendant as to not making any agreement until merchandise was available. Defendant says that Oppenheimer is implying that defendant misrepresented that the merchandise was available, but that, on the contrary, Oppenheimer knew that defendant was attempting to procure the merchandise from other sources and that due to prevailing conditions in the market defendant knew that it was impossible to guarantee delivery irrespective of promises made by the sources of supply. Defendant adds that the demand for this merchandise was so great that there was no need for him to make any misrepresentations about it; if he had any he would be glad to sell it. Furthermore, it is asserted that Oppenheimer knew this merchandise was not in defendant's possession because at the time of the partial delivery the merchandise was inspected by defendant at the National Wire Rope Products Co. It is further pointed out that letters of credit for future deliveries would not have been necessary had the material been immediately available.

After setting up these facts to prove that the contracts were entered into subject to a condition precedent that the goods would be available, defendant also mentions the arbitration clause.

After the motion was decided defendant demanded a jury trial. The new matter adverted to on this reargument is to the effect that the demand for a jury trial waives once and for all any right to arbitration. I held on the original decision that under the rule in *Curry* v. *MacKenzie* (239 N. Y. 267) if the answering affidavit states a defense which may be pleaded by amendment, the motion should not be granted. Since the issue tendered by the defendant is the existence of any contract at all, it seems clear that defendant is not estopped from raising the question of arbitration until after the decision of this preliminary point as to whether there are valid contracts in existence between the parties.

This question depends upon a rather nice point of law. The usual rule is that testimony is received to show that a contract

in writing was delivered under a condition that it would not be effective except on the happening of some event (*Smith* v. *Dotterweich,* 200 N. Y. 299; *Kelly* v. *Eggers,* 235 App. Div. 53; *Equitable Trust Co.* v. *Halpert,* 132 N. Y. S. 776; *Rosenstock* v. *Montague,* 28 Misc. 483; *Stoughton* v. *Chu Fong,* 130 N. Y. S. 228). This rule is embodied in section 241 of the Restatement of Contracts, as follows: " Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative *if there is nothing in the writing* inconsistent therewith." (Italics ours.)

The question, however, is raised by plaintiff that the statement of delivery dates " At once ", " Prompt ", etc., takes the case out of this general rule and the plaintiff draws attention to an example given in the Restatement, at section 241, which reads as follows: " 1. A and B make and sign a writing in which A promises to sell and B promises to buy goods of a certain description at a stated price. The parties at the same time orally agree that the writing shall not take effect unless within ten days their local railroad has cars available for shipping the goods. The oral agreement is operative according to its terms. If, however, the writing provides ' delivery shall be made within thirty days ' from the date of the writing, the oral agreement is inoperative."

The foregoing example apparently is intended to mean that where a sales contract specifies a time for delivery, oral evidence is inadmissible to show a condition precedent to the effect that the contract was to have no validity if the merchandise were not available to the seller for delivery. I cannot follow the rule which the example purports to lay down. Such an exception to the general rule would make it practically impossible to have a conditional delivery of a contract for the sale of goods, because it is very rare that there is no provision for a time of delivery in such agreements. The exception proposed has nothing to do with the basic principle involved. Furthermore, it is completely lacking in business utility. Businessmen should not be expected to know that the giving of such a normal specification as a delivery date in a sales contract *ipso facto* destroys the effect of a proposed conditional delivery of the contract. I am satisfied that if a condition precedent were actually agreed to in the manner

claimed by the defendant, it would be enforced. However, this is a matter which must await early trial. As a matter of experience, the establishment of a condition precedent rather than a condition subsequent frequently depends upon the exact turn of a phrase in the testimony. The motion for reargument is accordingly granted, but the original decision is adhered to.