## SEBRELL ET UX. *v.* COUCH, ADM'R.

CONTRACT.—*Construction of.—Mortgage.—Condition.—Demand.—Gift.—Decedents' Estates.*—By the terms of a mortgage which, itself, was the only evidence of the indebtedness secured by it, the debt was "to be paid by the mortgagor, to the mortgagee, when called on by said mortgagee; and the mortgagor does not agree to pay the above sum, to no " (any) "one else except said mortgage. And the mortgagor expressly agrees to pay the sum of money, above secured, without any relief," etc.

*Held,* in a suit upon such mortgage, by the administrator of the estate of the deceased mortgagee, that it must be alleged in the complaint, and proved on the trial, that a demand for the payment of the debt secured was made, on such mortgagor, during the lifetime of such mortgagee, by him or his agent.

*Held,* also, that proof of a demand, made by such administrator, as such, was not sufficient.

*Held,* also, that, on the death of such mortgagee, without having demanded payment of such debt of such mortgagor, the consideration for such debt became a gift to the latter.

From the Madison Circuit Court.

*C. D. Thompson, H. D. Thompson* and *W. R. Pierce,* for appellants.

*M. S. Robinson, J. S. Lounsberry* and *E. B. Goodykoontz,* for appellee.

WORDEN, C. J.—Action by the appellee, against the appellants, to foreclose a mortgage. Issue; trial; verdict and judgment for the plaintiff.

The following is a copy of the mortgage sued upon:

" This indenture witnesseth : That we, Benjamin Sebrell and Elizabeth Sebrell, his wife, of Madison county, in the State of Indiana, doth mortgage and warrant to John P. Sebrell, of Mason county, in the State of Virginia, the following real estate, in Madison county, in the State of Indiana, to wit," (here the land is described); " To secure the payment of one thousand dollars, to be paid by the mortgagor to the mortgagee, when called on by said mortgagee ; and the mortgagor does not agree to pay the above sum to no" [any] " one else, except said mortgagee. And the mortgagors expressly agree to pay the sum of money above secured, without any relief from valuation or appraisement laws. In witness," etc.

The complaint alleges a demand of the money by the mortgagee, in his lifetime, from defendant Benjamin Sebrell, and his refusal to pay; also, the death of said mortgagee and the appointment of the plaintiff as his administrator, and that the plaintiff, as such administrator, before the commencement of this action, made a demand.

The complaint was good, because it contained an averment of the demand of the money by the deceased, in his lifetime, from said Benjamin. But this averment was not proved on the trial; a demand by the administrator, only, being proved.

Indeed, the case seems to have been tried on the theory that no demand by the deceased was necessary, in order to entitle the administrator to maintain the action.

There was no note or other document accompanying the mortgage; and the question arises, whether the latter bound the mortgagor Benjamin to pay the money, absolutely, or only upon the condition that it should be demanded or called for by the mortgagee. The language

of the mortgage is, "To be paid by the mortgagor to the mortgagee, when called on by said mortgagee." This language seems to us to imply that the money was not to be paid at all, unless the mortgagee, in person or by agent, should call upon the mortgagor for it. And this view is strengthened by the stipulation following that above set out, viz., that "the mortgagor does not agree to pay the above sum to no" [any] "one else, except said mortgagee."

The fair construction of the mortgage, as we think, bound the mortgagor Benjamin to pay the money specified, when he should be called upon for that purpose by the mortgagee; and if not called upon by the mortgagee for that purpose, he was not bound to pay it at all. The condition on which he was to pay was, that the mortgagee should call on him for payment, and that condition not having been performed, he was not bound to pay at all. Any other interpretation of the mortgage would do violence to its terms, and frustrate the intention of the parties, as gathered from the language employed by them. There is no analogy between the case here and the case of a note payable on demand, generally, on which suit may be brought without any demand. *Fankboner* v. *Fankboner*, 20 Ind. 62; *Mercer* v. *Patterson*, 41 Ind. 440. Here, a demand was not only to be made, but it was to be made by the mortgagee himself; implying, when taken in connection with what follows in the mortgage, that, if he did not choose to make it, the debt was not to be paid at all.

It may well have been that the mortgagee never intended that the debt should be paid at all, unless he himself should have occasion or see proper to demand it; intending, if he should not demand it, that the consideration of the indebtedness should be retained by the mortgagor, as a gift or gratuity. And dying without having demanded the debt, the gift became complete and perfect.

This in no way contravenes the doctrine, that, to constitute a valid gift, the thing given must be delivered to

the donee. It may be assumed that the consideration for the mortgage, whatever it may have been, was delivered to the mortgagor, at or before the execution of the mortgage; and this consideration is what constitutes the gift, the mortgagee not demanding payment in his lifetime, according to the terms of the mortgage.

The stipulation in the mortgage to pay the sum secured, without relief, etc., taken in connection with what precedes it, has reference to payment, only "when called on by said mortgagee."

We are of opinion, that, by the terms of the mortgage, the money was not to be paid, unless the mortgagee should, in his lifetime, call upon the mortgagor for it; and, that not having been shown, the defendants' motion for a new trial should have prevailed.

We may observe, that, if a different interpretation could be given to the contract by proof of surrounding facts, no such circumstances were alleged or proved by the plaintiff. On the contrary, such circumstances as were shown by the defendants tended to sustain the construction we have placed upon the contract.

The judgment below is reversed, with costs, and the cause remanded for a new trial.