## BUNDRANT, EXECUTOR, v. BOYCE ET AL.

[No. 6,687. Filed June 3, 1910. Rehearing denied November 17, 1910. Transfer denied March 14, 1911.]

1. CONTRACTS.—*Bills and Notes.—Contemporaneous Agreements.*— A note and a contemporaneous writing setting forth the reasons for the execution of such note and the methods of discharging such note, constitute but one contract, the note and writing being constituent parts thereof. p. 256.
2. CONTRACTS.—*Notes.—Discharge.—Demand "in Person."*—Where a note is to be repaid only upon a demand by the payee "in person," a demand by another is unavailing. p. 257.
3. BILLS AND NOTES.—*Discharge.—Gifts.—Testamentary Dispositions.—Contemporaneous Written Contracts.—Churches.*—An ordinary promissory note executed by a church, payable five years after date, with interest payable annually, is discharged, where a contemporaneous written agreement by the payee provided, among other things, that if "the principal of said loan shall not be demanded by said [payee] in person during her life, she hereby agrees * * * that said note shall, immediately upon her death, be returned to said [church] trustees, and the loan * * * shall, upon her death, be retained" as a donation to said church, and such payee never demanded repayment thereof, such contract not constituting an attempted testamentary disposition of the loan. Watson and Roby, JJ., dissent. p. 257.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Edward L. Bundrant, as executor of the will of Frances J. Williams, deceased, against James Boyce and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Florea & Broaddus,* for appellant.
*George H. Koons,* for appellees.

COMSTOCK, C. J.—Action to recover on a note executed by appellees to appellant's testatrix.

The complaint is in one paragraph, to which appellees separately demurred for want of facts. Appellee Boyce withdrew his demurrer, and the demurrer of the First Universalist Church was overruled by the court and exception taken. Said church then filed a separate answer in three paragraphs, and appellee Boyce filed an answer in four paragraphs. Appellees joined in an answer in two paragraphs, the first of each of said answers being general denials and the other paragraphs special answers in bar. The answers in general denial were afterwards withdrawn. Appellant demurred separately and severally to each paragraph of the special answers, which demurrers were overruled, and, electing to stand on his exceptions to said rulings, he refused to plead further. Whereupon the court rendered judgment against him that he take nothing by this action, and for costs.

The complaint is upon a note executed to appellant's testatrix by James Boyce, as president, and Mrs. M. U. Beemer, as secretary of the board of trustees of said church. The note is set out as an exhibit to the complaint, and is a promissory note in the ordinary form, promising to pay, five years after date, to the order of Frances J. Williams, $300, with attorneys' fees, without relief from valuation, etc. The drawers and indorsers severally waived presentment, etc. It was made payable at the Merchants National Bank of Muncie, with six per cent interest until paid, payable annually, and was signed

"Jas. Boyce, Prest. Board of Trustees, Mrs. U. M. Beemer, Secretary."

The second and third paragraphs of the appellee church's separate answer, the second, third and fourth paragraphs of appellee Boyce's separate answer, and the second paragraph of said appellees' joint answer, are founded on the

following state of facts therein pleaded, viz.: That at the time of the execution of the note sued on, and as a contemporaneous part thereof, there was executed between the parties to said note a written contract, which note and contract were attached together and executed in duplicate, one copy being delivered to and kept in the possession of the church, and the other being delivered to the testatrix or her agent; that said note and contract constituted one entire and contemporaneous contract; that said contract read as follows:

"This agreement made and entered into by and between the trustees of the First Universalist Church of Muncie, Indiana, or their successors in office, and Frances Jane Williams of Connersville, Indiana, witnesseth: That in consideration of a loan of $300, this day made to said trustees of the First Universalist Church of Muncie, Indiana, by said Frances Jane Williams, said trustees of said church have executed to said Frances Jane Williams one promissory note for the sum of $300, dated February 1, 1900, payable five years after date, with six per cent interest from date until paid, payable annually. Said note being payable at the Merchants National Bank of Muncie, Indiana. Said trustees hereby agree to pay to said Frances Jane Williams the annual interest on said loan in accordance with the terms of said note during existence of said loan, or during the life of said Frances Jane Williams, in the event said loan shall extend to the time of her death. In the event that the principal of said loan shall not be demanded by said Frances Jane Williams in person during her life, she hereby agrees and it is expressly understood, that said note shall, immediately upon death, be returned to said trustees, and said loan of $300 shall, upon her death, be retained by said trustees as a benefit and donation from said Frances Jane Williams to the First Universalist Church of Muncie, Indiana. In witness whereof," etc.

Said agreement is signed by appellant's testatrix and by the president and secretary of the board of trustees of said church.

In each of said paragraphs of special answer it is alleged that Frances Jane Williams did not demand payment of

said note during her lifetime, and that defendants performed all the stipulations of said contract by them to be performed. In the third paragraph of said church's answer and in the fourth paragraph of Boyce's answer it is alleged that "Frances Jane Williams was desirous to donate and give to the church, $300," and executed the note and contract to effectuate said purpose. In the third paragraph of said church's answer, and in the third paragraph of said Boyce's answer, it is alleged in substance that the transaction evidenced by said note and contract was had between Frances Jane Williams and said church; that the church executed said note and contract in the name of

"Jas. Boyce, Prest. Board of Trustees, and Mrs. M. U. Beemer, Secretary;"

that neither received any of the consideration thereof; that said signatures were mutually understood to be the name and style of said church, and that defendant Boyce was not bound by said note or contract. All of the separate answers conclude as follows: "Wherefore and by reason of the premises said defendant says that the alleged indebtedness sued upon was, at the death of said Frances Jane Williams fully satisfied, and plaintiff is not entitled to recover."

In the joint answer of defendants it is alleged, in substance, that it was the intention of Frances Jane Williams by said transaction to donate said sum of $300 to said church; that, in consideration of the agreement to pay interest during her life, she delivered said $300 to said church as a donation and benefit.

The note and agreement constitute but one contract. *Allen* v. *Nofsinger* (1859), 13 Ind. 494; *Woodward* v. *Mathews* (1860), 15 Ind. 339; *Cressey* v. *Webb* (1861), 17 Ind. 14; *Hickman* v. *Rayl* (1877), 55 Ind. 551; *Coe* v. *Smith* (1848), 1 Ind. *267; *Cunningham* v. *Gwinn* (1837), 4 Blackf. 341; *Carr* v. *Hays* (1887), 110 Ind. 408; *Schmueckle* v. *Waters* (1890), 125 Ind. 265; *Martin* v.

*Murphy* (1891), 129 Ind. 464; *Wood* v. *Ridgeville College* (1888), 114 Ind. 320; *McDonald* v. *Huestis* (1891), 1 Ind. App. 275; *Williams* v. *Markland* (1896), 15 Ind. App. 669; *Fellow* v. *Kress* (1841), 5 Blackf. 536.

2. The money, the transfer of which was evidenced by the contract, was due after five years, and then only upon the personal demand of Frances Jane Williams. The meaning of the word "personal" as used is clear, as pointing out the individual by whom alone the de-

3. mand was to be made. The allegations of the answers show that the condition which would have made the money payable upon this contract can never exist. The action is not for money had and received, but upon an executory contract, by the terms of which there remains nothing for appellees to do. The money, the subject of the contract, was delivered to the church, and was to be retained until the happening of a certain event. The church had a present interest in it, the right to use it as stipulated. That interest ceased or became absolute upon the doing or not doing of a certain act of the obligee. The demand stipulated for never having been made, the right to retain the money, so far as that right is to be determined upon the contract in suit, became absolute in the church.

The liability of appellees was not limited to an event which might happen after the death of the obligee. At the expiration of five years the payee of the note had the option to treat the note as a nullity or to enforce it. Her failure to exercise the right to enforce it was, in effect, a renunciation of the liability of appellees. The facts averred do not show that there was anything due upon the contract. The terms employed do not show an attempt to make a posthumous disposition of property.

The facts would warrant the finding that the transaction constituted a gift, the property passing to the donee, not-

withstanding the reservation of interest. *Sebrell* v. *Couch* (1876), 55 Ind. 122; *Baker* v. *Williams* (1870), 34 Ind. 547. This opinion, however, is not based upon that theory.

Judgment affirmed.

Rabb, Hadley and Myers, JJ., concur.

Watson, P. J., and Roby, J., dissent.

## DISSENTING OPINION.

WATSON, P. J.—I am unable to concur with the majority in the opinion in this cause.

Appellant, as executor of the will of Frances Jane Williams, instituted this action upon a note executed by appellees to appellant's testatrix.

The note is set out in the complaint as an exhibit and is in the ordinary form of a promissory note for the sum of $300, payable to the order of Frances Jane Williams five years after date, with six per cent interest, payable annually.

Appellees filed their joint and several answers to plaintiff's complaint, and to each of said answers appellant's separate demurrers were overruled. Appellant electing to stand on the pleadings, judgment was rendered thereon in favor of appellees.

The assignment of errors raises the question of the sufficiency of appellees' said answers, each setting out an agreement alleged to have been executed simultaneously with said note by the same parties and as the part of one entire contract.

So much of said agreement relevant to the questions here involved reads as follows:

"That in consideration of a loan of $300, this day made to said trustees of the First Universalist Church of Muncie, Indiana, by said Frances Jane Williams, said trustees of said church have executed to said Frances Jane Williams one promissory note for the sum of $300, dated February 1, 1900, payable five years after date, with six per cent interest from date until paid, payable

annually. * * * Said trustees hereby agree to pay to said Frances Jane Williams the annual interest on said loan in accordance with the terms of said note during the existence of said loan, or during the life of said Frances Jane Williams, in the event said loan shall extend to the time of her death. In the event that the principal of said loan shall not be demanded by said Frances Jane Williams in person during her life, she hereby agrees, and it is expressly understood, that said note shall, immediately upon her death be returned to said trustees as a benefit and donation from said Frances Jane Williams to the Universalist Church of Muncie, Indiana. In witness whereof," etc.

In each of said answers it is averred that said Frances Jane Williams did not demand payment of said note during her lifetime, and that defendants performed all the stipulations of said contract by them to be performed. The question is between her representative and the church.

It is contended that by the terms of these instruments the debt sued for was only payable to Mrs. Williams upon her personal demand. If this were the contract, recovery could be had only according to its terms. *Sebrell* v. *Couch* (1876), 55 Ind. 122.

The transaction evidenced by the note in suit was complete in itself. The note has become due, and recovery should be had, unless the debt has been discharged or the contract modified. This has not been done. The instrument, by which the terms of the note are supposed to have been modified, sets out the note, and refers to it only as a completed and separate transaction. It also recites the loan and the execution of the note, and provides, not that the terms of the note shall be changed, but for a gift to the church upon death. So long as Frances Jane Williams lived it was a mere indebtedness to be repaid on demand. It was not a gift in *praesentia*, because it was, by the terms of the instrument, to be considered during her life as a mere indebtedness evidenced by said note to be repaid on demand. By the terms of the instrument she reserved the right to compel

the repayment of the money during her life, and to give to the church at her death the note and sum represented by it. There was no delivery of the note to the church or any cancelation thereof during the lifetime of decedent.

A promise to make a donation at the death of the promisor is not enforceable for various reasons. An essential element of an absolute gift is an unconditional delivery. To constitute a valid gift *inter vivos,* it must take effect at once, and pass entirely beyond the control of the donor. *Love* v. *Francis* (1886), 63 Mich. 181, 29 N. W. 843, 6 Am. St. 290; *Snyder* v. *Snyder* (1902), 131 Mich. 658, 92 N. W. 353; *Calvin* v. *Free* (1903), 66 Kan. 466, 71 Pac. 823; *Hallowell Sav. Inst.* v. *Titcomb* (1901), 96 Me. 62, 51 Atl. 249, and cases cited; *Hafer* v. *McKelvey* (1903), 23 Pa. Sup. Ct. 202; *Sterling* v. *Wilkinson* (1887), 83 Va. 791, 3 S. E. 533; *Yancey* v. *Field* (1889), 85 Va. 756, 8 S. E. 721; *Taylor* v. *Harmison* (1899), 179 Ill. 137, 53 N. E. 584; *Harris Banking Co.* v. *Miller* (1905), 190 Mo. 640, 89 S. W. 629, 1 L. R. A. (N. S.) 790.

A gift cannot be made to take effect in the future. Such a transaction would only amount to a promise to make a gift in the future, and, being without consideration, is void. *In re Soulard's Estate* (1897), 141 Mo. 642, 43 S. W. 617; *Harris Banking Co.* v. *Miller, supra.*

And in all cases the disposition made must be such as will place the *jus despondendi* beyond the donor's power to recall. *Love* v. *Francis, supra.*

The promise to donate the loan became void on the death of the promisor. *Twenty-third St. Baptist Church* v. *Cornell* (1890), 117 N. Y. 601, 23 N. E. 177, 6 L. R. A. 807.

The facts show an attempt to make a posthumous disposition of property. It is testamentary in character, and is not witnessed as required by statute. It is, therefore, ineffectual.

In the case of *Cover* v. *Stem* (1887), 67 Md. 449, 10 Atl. 231, 1 Am. St. 406, it was held that an instrument in the

following form was testamentary in character, and not an obligation for the payment of money, and no recovery thereon could be had against the executor, although it was delivered to the person to whom payment was directed to be made:

"Md., September 4, 1884.

At my death, my estate or my executor pay to July Ann Cover the sum of $3,000.

David Engel, of P.    [Seal.]

Witness: Columbus Cover."

And its construction cannot be affected by the fact that it must fail as a testamentary paper, because of insufficient witnesses under the statute.

The case of *Dimon* v. *Keery* (1900), 31 Misc. (N. Y.) 231, 64 N. Y. Supp. 1091, was one in which defendant, being indebted to A B, the plaintiff's estate, executed a promise on March 1, 1889, payable on demand. At the bottom of the note A B wrote and signed the following: "At my death the above note becomes null and void." The court held that it was clearly not a "gift *inter vivos,* because Dimon expressly reserved the right to demand and recover the money at any time during his lifetime; thus treating it, not as a gift to the defendant, but as an indebtedness from her to himself.  *  *  *  It was an attempt to make during his lifetime a disposition of his property in favor of the plaintiff, which disposition was to have no effect except upon his death, and was revocable at any time during his life; for a demand and collection upon the note would have effectually revoked the intended gift. Such a disposition of property can only be made by a will. *Gilman* v. *McArdle* [1885], 99 N. Y. 451, 2 N. E. 464; *In re Will of Diez* [1879], 50 N. Y. 88."

It is the law that where valid and illegal stipulations in the same contract are susceptible of division or separation, the stipulations which are legal may be enforced. *Pierce*

v. *Pierce* (1897), 17 Ind. App. 107; *Emshwiler* v. *Tyner* (1899), 21 Ind. App. 347, 69 Am. St. 360; *Trentman* v. *Wahrenburg* (1903), 30 Ind. App. 304. This proposition of law was recognized in the cases of *Chicago, etc., R. Co.* v. *Southern Ind. R. Co.* (1906), 38 Ind. App. 234, and *Osgood* v. *Central Vt. R. Co.* (1905), 77 Vt. 334, 60 Atl. 137, 70 L. R. A. 930.

Where a contract is for the doing of two or more things which are entirely distinct, and one is prohibited by law, while the other or others are legal, the illegality of the one stipulation will not bar an action for a breach of the valid stipulations. *Glaze* v. *Duson* (1888), 40 La. Ann. 692, 4 South. 861; *Erie R. Co.* v. *Union, etc., Express Co.* (1871), 35 N. J. L. 240.

In the case of *Osgood* v. *Central Vt. R. Co., supra,* the court said: "The general rule is, where you cannot sever the illegal from the legal part of a contract, that the contract is altogether void; but, where you can sever them, whether the illegality be created by a statute or by the common law, that you may reject the bad and retain the good."

At last analysis this instrument cannot be construed to be a contract during the lifetime of the decedent—subject as it is to revocation—and at her death to enlarge and ripen into a will. The statute provides that all testamentary documents shall be witnessed by at least two witnesses. This and like safeguards have ever been thrown around these sacred instruments. Therefore, the policy of the law requires that testamentary dispositions be made in accordance with the well-known and established formalities, and no exception is or ought to be permissible from this long and well-established rule.

The judgment should have been reversed, with instructions to the trial court to sustain the demurrers of appellant to the answers of appellees.

Roby, J., concurs.