[Civ. No. 6169.   Third Appellate District.—July 17, 1939.]

GUS ADOLPH BERGMAN, Appellant, v. IDA M. ORNBAUN, Individually and as Executrix, etc., et al., Respondents.

Hjelm & Hjelm for Appellant.

James C. Nichols for Respondents.

ALLEN, J., *pro tem.*—The undisputed facts in this case are: That on the 29th day of December, 1936, and prior thereto, P. M. Irish, a single man of the age of approximately seventy years, was the owner of a tract of thirty acres of land in Merced County, and on this day he deeded same to plaintiff, the consideration for such conveyance being evidenced by a promissory note of the same date, and such note being secured by a deed of trust on the property conveyed. The promissory note was as follows:

"5000.00                                      "Turlock, California,
                                              "December 29, 1936.

"As hereinafter provided, for value received, I promise to pay to the order of P. M. Irish, a single man, at the Bank of

America National Trust and Savings Association, Turlock, California, the sum of Five Thousand Dollars in lawful money of the United States of America, without interest; said sum to be paid as follows: Two hundred Dollars on the second day of January, 1937, Two Hundred Dollars on the second day of July, 1937, and Two Hundred Dollars on each succeeding second day of January and second day of July thereafter until the whole of said sum shall have been paid. If default be made in the payment of any installment of this note when due, the holder thereof may, at his option, declare the whole of the unpaid portion thereof immediately due and payable. In case suit is brought to collect this note, or any part thereof, I promise to pay a reasonable attorney fee. This note shall not be negotiable by reason of an agreement between the maker and payee hereof that in the event of the death of the payee before this note is fully paid all further indebtedness shall be canceled.

"GUS ADOLPH BERGMAN.

"In the event of my death before this note has been fully paid, all payments which would otherwise be made hereunder are hereby canceled, and upon payment of all sums due hereunder prior to the date of my death this note shall be fully paid, satisfied and discharged.

"Dated: December 29, 1936.

"P. M. IRISH."

The payee named in said note died on the 18th day of October, 1937, and at the time of his death, plaintiff had paid all instalments due on said note, amounting to $400, and was not in default. Defendant Ida M. Ornbaun is the executrix of the estate of said P. M. Irish, deceased, and the other defendants are his heirs at law. After the death of Irish plaintiff sued to cancel the promissory note and deed of trust on the ground same had been satisfied. The court refused plaintiff this relief. ■ The court based its judgment on two conclusions: First, that the transaction was either a gift *inter vivos;* or second, an attempted testamentary disposition, and in either case, was wholly void. The transaction, as we view the evidence, is neither a gift *inter vivos* nor an attempted testamentary disposition. It is very plain the consideration plaintiff promised to pay for this property was $200 semi-annually during the life of Irish, and not exceeding in all $5,000. The fact that Irish was an aged man

might have been a reason why plaintiff agreed to take the property on this condition. If Irish desired to sell his property for this consideration, and plaintiff agreed to purchase same on such terms, such agreement was not against public policy, and we do not see why it should not be carried out. The language in the case of *In re Murphy's Estate*, 191 Wash. 180 [71 Pac. (2d) 6], illustrates very clearly the difference between a testamentary disposition and a contract: ''In the extreme types there is a little chance for confusion between wills and contracts. A will is dispositive; a contract, promissory. A will is gratuitous; while contract, if under seal, requires consideration. If the instrument provides for performance at the death of the promissor, there is a greater chance for confusion; and if the consideration is insufficient, the distinction becomes of highest importance. If the instrument creates a right in the promisee before death of the testator, the instrument is a contract, or, at least a defective attempt to make a contract rather than a will. (1 Page on Wills [2d] Par. 70, pg. 120.) In determining whether an instrument is a contract or a will, the dominant purpose of the maker as manifested therein must control. So the question of whether a given instrument is a will or a contract must be determined by the character of its contents rather than by its title or any formal words with which it may begin or conclude; but words, which do not change the legal effect of the instrument may, nevertheless, be significant in determining its character and intention with which it was made.'' (1 C. J. 619, par. 238.) ██ Whether or not an instrument is testamentary in character, depends upon the intention of the maker. It is the *animus testandi* that makes the instrument a will. When the *animus testandi* is established, the character of instrument is fixed, and is a will if the other requirements as to form and execution have been complied with. In the absence of testamentary attempt, there can be no will. (25 R. C. L. 59, par. 3.) ██ ''The essential distinction between a contractual obligation and a testamentary disposition is that the contract contemplates performance in part at least, during the lifetime, and vests some *quantum* of present interest in the other party. So, although an agreement involves or effectuates a disposition of property belonging to a party thereto, it is valid as a contract and not as a will where it contemplates performance

at least in part during his lifetime or vests a present interest in the other party." Applying these principles in the case at bar, it must be very clear that there is no testamentary disposition.

The lower court based its decision on the case of *In re McEwen's Estate,* 18 Cal. App. (2d) 180 [63 Pac. (2d) 332], but the case is clearly distinguishable from the case at bar. In that case, the decedent, on May 8, 1934, entered into a written contract with Eleanor F. Layton to sell her certain real property for the price of $1,000, payable in monthly instalments of $10 each. It is apparent that this contract intended a definite obligation requiring Layton to pay the deceased $1,000 at the rate of $10 a month. In the month of September, 1934, several months after the contract was made, the deceased wrote the following on the contract: "In the event of my death, the property is to be hers (Eleanor R. Layton) without further payments." It was not shown that there was any consideration for this endorsement on the contract, and clearly it was a gift, but it would fail as a gift *inter vivos* because there was no delivery, and if intended as a testamentary disposition, it was void, because not properly executed.

In the present case, Irish was not trying to dispose of any property left at the time of his death. The language in the case of *In re Murphy's Estate, supra,* illustrates clearly the difference between a testamentary disposition and a contract. If Irish desired to sell his property for this consideration, and plaintiff took same, such agreement was not against public policy, and we cannot see why it cannot be carried out.

It is important to note in this case that the transfer of the property, the deed of trust, the promissory note, and the release on the promissory note were all made at the same time, and are therefore all to be construed together, and as part of the same transaction. (Civ. Code, sec. 1642; *Goodwin* v. *Nickerson,* 51 Cal. 166; *Symonds* v. *Sherman,* 219 Cal. 249, 250 [26 Pac. (2d) 293].) In the case of *Symonds* v. *Sherman, supra,* a promissory note in the sum of $2,500 was in question. The note was given for a certain consideration, and it was understood that the interest should be paid thereon by the maker, and that the amount remaining unpaid at the death of the payee should be canceled. After the death of the maker, the note was found, and pinned to it

and folded therewith was found another document of the same date entirely in the maker's handwriting reading as follows: " 'August 12, 1924. To Whom It May Concern: This note of Nettie N. Childs is to be given back to her at the time of my death as compensation for kindness shown to me.

"MRS. J. W. GARRISON.

"Redlands, California,

"This is my handwriting.' "

The court held the several papers relating to the same subject-matter and executed as parts or substantial parts of one transaction, and that the circumstances in that case show an agreement on ample consideration, as evidenced by a written memorandum that the principal on the note was not to be paid, and upheld a judgment canceling the note. In *Dougherty* v. *Prueitt,* 113 Okl. 66 [242 Pac. 529], the promissory note in question there contained this endorsement: "If the payee on this note does not survive the maker thereof, then this note is not to be paid, but is to be canceled and surrendered. Orin S. Prueitt." The court held that this was a conditional agreement, and stated: "This was a good contract for the decedent, for if he had lived he would have retained the use and benefit of his property and would have received from the defendant each year thereafter as notes became due, the amount stated. The defendant could not anticipate, neither could the decedent, the length of time the decedent would live after the note had been executed. The record discloses the proximate cause of the decedent's death was an accident. The proviso was a part of the note at the time the defendant executed same. We are of the opinion that these notes should be canceled and surrendered to the defendant and that the trial court erred in not so holding."

In *McGlasson* v. *McGlasson, Executor,* (Ky.) 56 S. W. 510, a promissory note was given as consideration for the transfer of certain property, and contained the following provision: "If not paid during the holder's life, Leonard McGlasson, this note is void, or not attempted to be collected. Perry McGlasson." In that case, the following instruction was given to the jury: "If the jury believe from the evidence before them that it was the purpose and intention of the decedent Leonard McGlasson and the defendant Perry Mc-

Glasson, at the time they entered into the contract sued on, by the terms of the contract, the unpaid balance of the note, at Leonard McGlasson's death, was not to be paid, and the note should become void as to that part, they should find for the defendant.'' The court held that this instruction should have been given to the jury, and stated: ''We are of the opinion that taking the language of the note into consideration, the true meaning and intent of the parties was that if the note was not collected during the lifetime of Leonard McGlasson, it would become void and no attempt should be made to collect it.

In the case at bar, as heretofore stated, there was not any gift in this case, because at the death of the maker of this note, the obligation ceased and there was nothing to give, and for the same reason that there was no attempted testamentary disposition.

We are of the opinion that the court erred in holding that the present case was either a gift or an attempted testamentary disposition. It was clearly a valid contract based on a sufficient consideration, and the note being fully paid, according to its terms should be delivered up and canceled and a reconveyance made of the trust property.

The judgment is reversed and the court is directed to render judgment in accordance with the foregoing opinion quieting plaintiff's title to the property described in the complaint, and ordering a reconveyance of the trust property and a cancellation of the promissory note.

Thompson, J., and Pullen, P. J., concurred.