## DILLARD v. DILLARD.

No. 7199.

Springfield Court of Appeals.

Missouri.

June 21, 1954.

Sharon J. Pate, Caruthersville, for appellant.

Ward & Reeves, Caruthersville, for respondent.

McDOWELL, Presiding Judge.

This action is under the Declaratory Judgments Act, V.A.M.S. § 527.010 et seq. Lela Dillard, executrix of the estate of F. M. Dillard, deceased, seeks to have the court determine that the written instrument sued on be declared a promissory note and judgment rendered for plaintiff for the amount of the note with interest and attorney fees.

The cause was tried by the court and judgment rendered for defendant. Plaintiff appealed.

The petition alleges that plaintiff is the duly qualified and acting executrix of the estate of F. M. Dillard, deceased; that F. M. Dillard died May 27, 1951, leaving as his heirs, Lela Dillard, widow, Roy Dillard and Cora Dillard Thomas, children by a former marriage. It stated that F. M. Dillard died testate and, by the terms of his will, the remainder of his property was to be divided among the three heirs named, equally.

It alleged that there was among the papers of the deceased a written instrument, a copy of which is made a part of the petition, wherein Roy Dillard was indebted to the deceased in his lifetime, in the sum of $4,000; that the instrument contains certain restrictions, limitations and ambiguities and a statement that is not factual, which requires that such instrument receive the attention and judgment of a court of equity; that it was dated April 24, 1951, and signed by Roy Dillard; that the written instrument recites the consideration for the indebtedness was deceased's interest in the Fred Pittman land; that deceased had no interest in this land except a third deed of trust for $700; that the actual facts were that this land was sold under a first deed of trust and purchased by defendant; that the deceased accompanied defendant to the sale and advanced him $4,000 for which the written instrument in question was given; that the $700, represented by the third deed of trust, has been paid to the estate by the trustee under the first deed of trust since F. M. Dillard's death; that the restrictions, limitations and ambiguities and misstatement of facts contained in said instrument, whether incorporated therein voluntarily or involuntarily by deceased, were intended to deprive the widow, heirs and creditors of their rights and interest in said $4,000 and was fraudulent as to such parties and will not be recognized by a court of equity.

Plaintiff prays judgment that the court decree the instrument sued on a promissory note, past due, and render judgment for plaintiff for $4,000 with interest and attorney fees; that the court ascertain the true and correct description of the Fred Pittman land and declare the amount of judgment a lien against the same.

The answer is a general denial and a counterclaim. We are not interested in the counterclaim as there is no appeal from the judgment thereon.

The written instrument which is the basis of this action is as follows:

"April 24, 1951 No.

"4000.00

"One day after date on condition after Date, for Value Received, We, Jointly as Principals, Promise to Pay to the Order of F. M. Dillard for his interest in 80 acres of Fred Pittman farm in Sec 36–20–11, Pemiscot Co. Mo. Four Thousand & no/100 Dollars at the office of monthly Int will be $26.66 monthly, Mo., with interest from date monthly at the rate of eight per cent per annum until paid. Interest payable monthly. Defaulting interest to draw the same rate of interest as principal. The makers, sureties, endorsers, and guarantors of this note hereby severally waive presentment for payment, notice of non-payment, protest, notice of protest and diligence in bringing suit against any party thereto, and consent that the time of payment may be extended without notice thereof; and further agree that, in case payment of this note shall not be made at maturity and the same is placed in an attorney's hands for collection, they will pay all costs of collecting this note, including attorney's fee of ten per cent of the principal and interest thereon remaining unpaid.

"Due When & if Int is not paid monthly or if said land changes owners, or if Roy dies first before F. M. Dillard dies—But if F. M. Dillard dies first this note is void.

"Roy Dillard
By Roy Dillard, Maker."
"F. M. Dillard, Owner.

There is endorsed on the back of this note, "May 1951, interest payment $26.66."

Plaintiff's evidence admits that the matters limiting how the payments shall be made, when the note shall be due and that said note will be void if F. M. Dillard dies first, were written in the note by F. M. Dillard before the same was signed.

Defendant's answer admits that defendant purchased the Pittman land at foreclosure sale as alleged in the petition and that F. M. Dillard advanced defendant $3,300; that plaintiff has collected $700 on the third deed of trust held by F. M. Dillard.

A certified copy of the will was introduced by plaintiff. It is unnecessary to set out the terms thereof for there is no dispute that the parties were to share the balance of the estate equally. It is admitted that plaintiff is the qualified and acting executrix of the estate. It is admitted that F. M. Dillard had no vested interest in the said Pittman land.

The defendant's evidence is that defendant was the son of F. M. Dillard. The writing in the note complained of was that of F. M. Dillard. Roy Dillard testified that he made the monthly interest payments as required and denied that he owed anything on the note at the time of his father's death. The record shows that defendant offered to make a showing that when the Fred Pittman land was advertised for sale under a deed of trust held by the Government, F. M. Dillard had a third deed of trust on the land which was his only interest; that F. M. Dillard went to Roy Dillard and told him to buy the land in at the sale and F. M. Dillard agreed to take the note from Roy Dillard, mentioned in evidence, with the understanding that that would take care of his third deed of trust and an advancement of approximately $3,300 that Roy Dillard was making to his father under some other transaction and that this note would never become due so long as Roy Dillard paid the interest and that was all he would ever owe on it; that upon the death of F. M. Dillard, the note would be cancelled and be of no effect; that it was further agreed that whatever surplus there was coming out of this land sale, if any, would

be paid over to Roy Dillard as part of the consideration for this transaction, and that surplus was $700 which, in fact, was paid over to F. M. Dillard and under the agreement, it became the property of Roy Dillard but that Roy Dillard was never paid the $700 which went into the hands of his father.

There was no dispute that the Pittman land was sold under the first mortgage and purchased by Roy Dillard for $11,450, which was paid out to mortgagees and that F. M. Dillard was paid his third mortgage, a sum of $760.27.

The trial court found for defendant; that the promissory note sued upon was a valid and binding contract; that it is plain and unambiguous on its face and under the terms thereof, it became void upon the death of F. M. Dillard and at the time of the death of F. M. Dillard, there was no sum due and unpaid under the promissory note.

Appellant's brief makes two separate allegations of error: I. It is contended that the trial court erred in holding the promissory note became void upon the death of F. M. Dillard.

II. That the trial court erred in finding defendant was not indebted to plaintiff in any sum on the promissory note.

Appellant, under points and authorities, makes three contentions:

I. That the phraseology employed in the note "due when interest is not paid monthly or if said land changes owners, or if Roy dies first before F. M. Dillard dies— But if F. M. Dillard dies first this note is void", are wholly insufficient to give testamentary value and effect.

II. That the phraseology used in the note does not constitute a conditional gift.

III. This contention involves the same point of law as No. II.

We agree with appellant's first contention that if the phraseology used, as stated therein, was an attempt to make

testamentary disposition of property, it would be invalid.

Appellant cites no authority but, from the plain reading of the statement in the note, we find that the language so used would be insufficient as a testamentary disposition.

■ Under II, we, likewise, agree with appellant that the language used, as stated in the written instrument, did not constitute a valid gift inter vivos.

Under this allegation of error appellant cites Scottish Rite Temple Ass'n of Kansas City v. Lucksinger, 231 Mo.App. 486, 101 S.W.2d 511, 513. In this case the court states:

"It is true that it is essential to a gift that it go into effect at once. If it regards the future, it is a mere promise and, being a promise without consideration, cannot be enforced. * * *

"That the note of a donor to a donee is not the subject of a gift is well-settled law. Such a note is but the promise of the donor to pay money in the future. The gift is not completed until the money is paid. There is no delivery of the gift but a mere promise to deliver it in the future. Such a note, treated purely as a gratuitous promise, cannot be enforced, either in law or in equity. * * *"

Cartall v. St. Louis Union Trust Co., 348 Mo. 372, 153 S.W.2d 370, holds that there must be a delivery actually or constructive of the thing given with the intent to relinquish all dominion thereover by donor to a donee to constitute an irrevocable gift inter vivos.

Under the facts in the case at bar the note in question, if it were a note, was not delivered to the donee but remained in the possession of the donor and, therefore, if there was an attempt to make a valid gift inter vivos, it was not completed and we agree with appellant in her contention that there was not a gift inter vivos. However, there is a conflict of authorities. Many states hold such a transaction valid as a gift inter vivos. See 127 A.L.R. 635; Se-

brell v. Couch, 55 Ind. 122; Bundrant v. Boyce, 47 Ind.App. 253, 91 N.E. 968, 92 N.E. 126; Fiscus v. Wilson, 74 Neb. 444, 104 N.W. 856; Bedford's Ex'r v. Chandler, 81 Vt. 270, 69 A. 874, 17 L.R.A.,N.S., 1239, 130 Am.St.Rep. 1057.

The trial court held the written instrument sued on constituted a valid and enforceable contract. His opinion is as follows:

"* * * and the court further finds that the promissory note sued upon is a valid and binding contract and that it is plain and unambig*ouou*s on its face, and under the terms and conditions of said promissory note, and by its plain terms and conditions of said promissory note it became void and of no effect upon the death of F. M. Dillard, and at said time no sums whatever were due and unpaid upon said promissory note, * * *."

There might be a question as to whether or not the instrument sued on is a promissory note. Under the Negotiable Instruments Act, Section 401.001 RSMo 1949, V.A.M.S., it is provided that a negotiable instrument must be in writing and signed by the maker; that it must be an unconditional promise to pay a sum certain in money, payable on demand or at a fixed or determinable future time; must be payable to order or bearer.

Under Section 401.003 RSMo 1949, V.A.M.S., a promise is unconditional when it provides for the payment out of a particular account or a statement of the transaction which gives rise to the instrument.

Section 401.004 RSMo 1949, V.A.M.S., states that a determinable future time means at a fixed period after date or on or before a fixed or determinable future time specified therein or at a fixed period after the occurrence of the specified event which is certain to happen, though the time of happening be uncertain but an instrument payable upon a contingency is not negotiable.

In Weber v. Jantzen, Mo.App., 180 S.W. 432, 433, the court held that a writ-

ten instrument reading " 'Received of Anna Weber $500 (five hundred) of her grandmother's estate. I am to use the interest during my life; it is put on interest by Mr. Wenzlick, real estate agent' ", was supported by sufficient consideration and was not merely a receipt but was in effect a note, and it did not matter that the payment was to be made at the death of the deceased; this being a time certain to occur.

■ In 10 C.J.S., Bills and Notes, § 7, pages 413 to 415, the law is stated:

" * * * It expressly provides that a promissory note, within the meaning of the act, is an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer. * * *

"Payment must be promised absolutely and unconditionally for the instrument to be a note, either negotiable or nonnegotiable. * * * "

In 3 R.C.L., page 834, the law is stated:

" * * * No contract or agreement is a promissory note, either negotiable or non-negotiable, which does not provide for payment absolutely and unconditionally. If payment depends on a contingency which may never happen, it is not a promissory note. * * * A written promise to pay a fixed sum of money to the order of a person named, on or before a certain day, has been held to be a promissory note, and not a testamentary instrument requiring the formalities of a will, although it provides that it shall become due in case of the death of the maker before the maturity thereof. * * * "

In 3 R.C.L., page 829, Par. 2, the law is stated:

" * * * The character of an instrument cannot be affected by what the parties may choose to style it in their pleadings or otherwise; whether the paper writing is a bill, note, check or what not is to be determined by the court from an inspection thereof. * * * But the courts have gone far in sustaining the character and negotiability of promissory notes; * * * when it appears from the instrument that it was the intention of the parties to execute a note and not a mere contract for the payment of money. It is not essential to the character of either a bill of exchange or a promissory note that it should be negotiable."

The instrument sued on herein is written on a regular form of promissory note. In the blank before the words "After date" is written in "One day after date on condition". Then the promise to pay is to the order of "F. M. Dillard for his interest in 80 acres of Fred Pittman farm in Sec 36–20–11, Pemiscot Co., Mo. Four Thousand & no/100 Dollars." In other words, there was a conditional promise to pay to F. M. Dillard for his interest in the farm, $4,000. Then the instrument reads, "at the office of monthly Int will be $26.66". Then it states, "with interest from date monthly". At the bottom of the note where the word "Due" is printed, is written in the blank, "When & if Int is not paid monthly or if said land changes owners, or if Roy dies first before F. M. Dillard dies—But if F. M. Dillard dies first this note is void", and then signed "Roy Dillard" and, on the bottom line, written in, "F. M. Dillard, Owner, Roy Dillard, Maker."

It would appear from the plain meaning of the words written in that this note was to be paid on condition and the conditions are stated that if the interest is not paid monthly or if said land changes owners or if the maker dies before the payee dies, then $4,000 is to be paid. That is a conditional promise and, under the definitions of a promissory note, it would not be a note but merely a written contract to pay money. Under the terms of the written contract if the maker pays the interest $26.66 monthly, he has performed his obligation and if the payee dies first, the instrument is to be void. That is, the obligation to pay terminates.

■■ We hold, however, that whether the instrument sued on is a promissory note or merely a contract to pay money, the

judgment of the trial court should be affirmed. The plain and ordinary meaning of the words of the contract or note sued on is that Roy Dillard promised to pay his father, F. M. Dillard, interest in the amount of $26.66 monthly from the date of the instrument, to wit, April 24, 1951, on a stated sum of $4,000 until the death of the payee and that upon payee's death, the obligation of $4,000 should be void. This contract has certain conditions, that is, if the interest be not paid or if the land for which it was given be sold or if the maker dies prior to the death of the payee, then the sum of $4,000 is due. This promise makes the payment required in the instrument uncertain but the conditions contained in this instrument were placed in there at the time the maker received the money from the payee. The evidence shows that this agreement grew out of a transaction wherein the maker agreed to purchase the land under a foreclosure sale on which the payee had a deed of trust for $700 and that payee promised the maker if he would purchase the land and pay for it a sufficient sum so that the payee might realize upon his $700 mortgage, the payee would advance to the maker of the signed instrument $4,000 to be payable under the conditions named therein. Certainly, this was a valid and binding agreement supported by a valid consideration and, under the facts in the case, the payee died before the maker of the instrument; that the interest had been paid by the maker as provided in the instrument and that the land had not changed owners.

The judgment of the trial court that there was nothing due on the instrument sued on and that the obligation of the maker terminated upon the death of the payee should be affirmed.

In 127 A.L.R. page 635, sub-section II, the law is stated:

"The weight of authority is in favor of the validity of an agreement contemporaneous with a debt or legal obligation that such obligation shall be extinguished or terminated by the death of the creditor or obligee. * * *" Bergman v. Ornbaun,

1939, 33 Cal.App.2d 680, 92 P.2d 654; Symonds v. Sherman, 1933, 219 Cal. 249, 26 P.2d 293; Drake v. Wayne, 1936, 52 Ga. App. 654, 184 S.E. 339; Sebrell v. Couch, 1876, 55 Ind. 122; Bundrant v. Boyce, 1910, 47 Ind.App. 253, 91 N.E. 968, 92 N.E. 126; In re Alms' Estate, 1922, 153 Minn. 256, 190 N.W. 253. See numerous other cases cited in 127 A.L.R. p. 635.

Sometimes the validity of such an agreement is predicated on the theory that a valid gift is made thereby. 127 A.L.R. 635. See cases cited therein.

More often such validity has been predicated on the theory that the agreement constitutes a valid and enforceable contract. 127 A.L.R. 635.

In Bergman v. Ornbaun, supra, the court upheld as a valid and enforceable contract, thus denying the contentions that the transaction as either a void gift inter vivos or an invalid attempted testamentary disposition, the provision of an instalment note given for the purchase price of land and secured by a deed of trust on the property conveyed, to the effect that in the event of the death of the payee before the note should be fully paid, all further indebtedness should be canceled. The court distinguished the decision in Re McEuen's Estate, 1936, 18 Cal. App.2d 180, 63 P.2d 332, in which several months after a written contract had been entered into by the vendor to sell certain lands for a fixed price, payable in monthly instalments, such vendor wrote on the contract that in the event of her death the property was to be the vendee's without further payment, and in which it was held that no effect could be given thereto in favor of the purchaser, it being neither a valid gift nor a duly executed testamentary disposition.

However, in the case at bar the advancement of the money, represented by the promissory note, to the maker with which to pay on the purchase price on the land on which the payee had a mortgage and the execution of the promissory note were made at the same time and were, therefore, all to be construed together as a

part of the same transaction, which constituted a valid and enforceable contract between the parties.

In connection with this question it was held in Symonds v. Sherman, supra, in which concurrently with the execution of a promissory note for money advanced, interest on which was to be paid during the lender's lifetime, the lender executed an instrument in writing in which she agreed that the note should be canceled upon her death, it appearing that the borrower would not have borrowed the money and made alterations in her home for the lender's accommodation if the agreement had not been made, and where it was held, the note and the instrument being found pinned together after the lender's death and the instrument itself providing that the note was to be given back to the maker at the time of her death as compensation for kindness shown, that the several papers showed an agreement, upon ample consideration, and evidenced by a written memorandum, that the principal sum of the note was not to be paid.

In Helmick v. Probst, 170 Misc. 284, 9 N.Y.S.2d 975, it was said that neither a gift nor a will, but a contract in writing, under seal, duly executed and acknowledged, and expressly reciting consideration, was involved in an agreement reciting a substantial indebtedness, providing for the payment of interest thereon semi-annually, and the payment of the principal sum at any time upon demand, and then agreeing that should the creditor predecease the debtor the agreement on the part of the debtor to pay the amount of the indebtedness should be null and void, and it was held that such agreement was a bar to an action, after the creditor's death, to recover the indebtedness.

We think this case is in point and we hold that the written instrument sued on herein is a contract in writing expressly reciting the consideration providing for the payment of interest during the lifetime of the payee which agreement provided that the indebtedness should be null and void upon payee's death, before the death of the

payor, is a valid contract and that appellant's action herein will not lie.

Authorities on this subject are conflicting. Missouri has not passed upon the question but we herein follow the majority rule and sustain the findings of the trial court on the theory of contract.

Judgment affirmed.

BLAIR and STONE, JJ., concur.