LELA DILLARD, EXECUTRIX OF THE ESTATE OF F. M. DILLARD, DECEASED, APPELLANT, v. CORA D. THOMAS AND W. A. THOMAS, RESPONDENTS.—269 S. W. (2d) 769.

Springfield Court of Appeals. Opinion filed August 12, 1954.

774

*Sharon J. Pate,* for appellant.

*Ward & Reeves,* Caruthersville, for respondent.

McDOWELL, P. J.—This action is under the declaratory judgment act. Lela Dillard, executrix of the estate of F. M. Dillard, filed an action against Cora D. Thomas and W. A. Thomas, in the Circuit Court of Pemiscot County, to have determined the interest of the estate in a $5.000.00 written instrument, executed by defendants, payable to F. M. Dillard, deceased.

The cause was tried and judgment rendered for defendants. Plaintiff appealed.

The petition alleges that plaintiff is the duly qualified and acting executrix of the estate of F. M. Dillard; that there was among the papers and effects of the deceased, a promissory note in the sum of $5,000.00, signed by defendants. (A copy of said note is filed and made a part of the petition.)

The petition alleges that because of certain restrictions and limitations contained in the written instrument, it is necessary that a court of equity construe said instrument and determine if such limitations and restrictions are fraudulent as to the heirs of deceased and further to determine the amount due plaintiff herein upon said instrument.

The prayer is that the court try and determine the question of law in said cause and render judgment for the amount found to be due after all just credits have been given.

Defendants' answer admits plaintiff is the duly qualified executrix of the estate and pleads that the terms and conditions of the written instrument, executed by the defendants, provide that no sum should be due and payable upon the death of F. M. Dillard; that defendants' obligation under the instrument was valid and binding only during the lifetime of the deceased; that the deceased had only a life estate therein that upon the death of F. M. Dillard no further payments were due and the defendants deny that plaintiff has any valid claim against them. The answer also contains a general denial and a denial that the court has jurisdiction to construe, reform or otherwise change the conditions of the instrument sued on.

Plaintiff's evidence was very brief. The will of F. M. Dillard was admitted in evidence and in the residuary clause it is provided that the heirs shall share the balance of the estate equally.

The note sued on was admitted in evidence and is as follows:

"Wardell, Missouri,
May first, 1947.

"For value received and on the following conditions, We the undersigned Cora A. Thomas and W. A. Thomas her husband, promises to pay F. M. Dillard, or his assignees, ($5,000.00) Five Thousand Dollars. & No/100 - - - Dollars, On the first day of each month beginning June first 1947. We agree and promise to pay the said F. M. Dillard $50.00 on this agreement. and $50.00 on first day of each month following till the full amount has been paid.

"EXCEPT. however, if the said F. M. Dillard dies or departs this earthly life before the above has been paid then any part that was not due at the time of his death shall be cancelled in full, but any amount that was due before his death shall be due and payable to his Estate, of which Cora Thomas will shair, as his Daughter.

"This Note is given as balance due on the Majestick Hotel property in the Town or City of Lilbourn, Missouri, and is secured by Real Estate as part of its purchase price, and is described as follows:

"All of Lot No. (10) in range "A" in the City of Lilbourn, Mo., the parcel of land adjoining said Lot ten on the north, which lies between the Frisco Rail Road Right of Way and the Right of

Way of the St. Louis & South Western Rail road Co. right of way, all in the city of Lilbourn, Mo.

"W. A. Thomas
"Cora D. Thomas"

On the back of the above instrument are endorsed payments totaling $1,075.00.

This was all of the evidence that bears upon the issues in the case.

The defendant's evidence pertains to a counterclaim which was decided adversely to the defendants. There was no appeal.

In our opinion we will refer to the appellant as plaintiff and to the respondents as defendants, the position they occupied in the trial court.

Plaintiff's first assignment of error is that the trial court erred in finding that there were no sums due on the note at the time of the death of F. M. Dillard; that by the provisions of the note defendants should have paid $2400.00 and the credits on the note show they paid a less amount and there was due plaintiff the difference between the $2400.00 due and the amount actually paid at the time of the death of F. M. Dillard.

Defendants say that the error complained of is not properly before the court.

It is defendants' contention that plaintiff brought her action on the theory that the limitations in the note which terminated the obligations on the death of F. M. Dillard were fraudulent and void as to the heirs of F. M. Dillard and the trial court was asked to construe the limitations. Defendants say that no where in the pleadings, evidence, judgment or motion for new trial did plaintiff mention the indebtedness accruing prior to F. M. Dillard's death.

The law is that no allegations of error will be considered by the appellate court except such as have been presented to or decided by the trial court or unless the petition fails to state a claim or the court lacks jurisdiction. Section 512.160 R. S. Mo. 1949; Supreme Court Rule 3.23; Blase v. Austin, Mo. Sup., 242 S. W. 2d 29, 31; Smith v. G. F. C. Corp. Mo. App., 255 S. W. 2d 69; Frye v. Baskin, Mo. App., 231 S. W. 2d, 630.

It is also the law that litigants on appeal must adhere to the theory adopted in the trial court. Nelson v. Massman Const. Co., Mo. App., 91 S. W. 2d, 623.

The office of the pleadings is to define and to isolate the issues to those controverted so as to advise the trial court and the parties of the issues to be tried and to expedite the trial of the cause on its merits. Linders v. Linders, Mo. Sup., 204 S. W. 2d 229, 239.

An examination of the pleadings shows that the question of the sum due under the promissory note, sued on, prior to the death of F. M. Dillard, was an issue which the trial court was required to pass upon.

While we agree with defendants' contention that plaintiff must adhere to the theory adopted in the trial court, we do not agree that the record discloses facts upon which we can find that the theory now relied upon by the plaintiff was not properly before the trial court. The written instrument, itself, offered in evidence, which the trial court was called upon to interpret and declare the interest of the parties thereto, presents the theory as contended by plaintiff.

It was the duty of the trial court to determine the construction or validity arising under the written instrument sued on and make a declaration of rights and interest of the parties thereto. Carr Missouri Civil Procedure, Vol. II, p. 83, Sec. 1002.

The determination of the rights, status and other legal relationship of the parties under the determined facts is for the court. Crollard v. Northern Life Ins. Co., Mo. App., 200 S. W. 2d, 375, 383.

An examination of the judgment of the court shows that the trial court found that the writing sued on was a valid and binding contract, plain and· unambiguous on its face and the court states in the judgment that all the terms and conditions of said paper writing must be considered together, and that by the terms of said paper writing no unpaid sums were to become due and payable after the death of F. M. Dillard, and that on account of the death of said F. M. Dillard the defendants were not indebted to the plaintiff herein in any sum whatever on account of said paper writing.

The judgment of the trial court clearly shows that he considered the whole instrument sued on and found there was nothing due plaintiff.

The written instrument was dated May 1st, 1947, and was for the sum of $5,000.00. It provided that defendants were to pay to the payee therein $50.00 on June 1st, 1947, and $50.00 each month thereafter until the full amount had been paid. It contained a provision that if the payee died before the amount mentioned in the note had been fully paid, any part remaining unpaid at his death should be cancelled. It provided that any amount due and unpaid at the time of the death of the payee should be payable to his estate.

From the credits endorsed on the back of the note the instrument showed that there was due and unpaid, at the time of the death of the payee, to-wit, May 27, 1951, $1,325.00.

Defendants contend that the evidence, judgment and motion for new trial do not mention the indebtedness accruing prior to F. M. Dillard's death.

With this contention we cannot agree. The pleadings required the court to construe and determine the rights of the parties under the written instrument sued on and to render judgment for such sum, if any, due plaintiff. The evidence consisted of a promissory note or written instrument which was the basis of the action. The language of the note clearly states that the obligation of the defendants created

therein was to pay to the payee thereof $50.00 per month until the full amount of the note was paid or until the time of the death of the payee. The plain and ordinary meaning of the language used shows that this was the obligation of the defendants; the credits on the back of the note show that the defendants paid only a part of the amount required. The provisions of the note plainly state that any unpaid balance of such payments at the time of the death of the payee, will be due and payable to the payee's estate.

Plaintiff requested the trial court to make a statement of fact and give conclusions of law with his opinion. The judgment does not disclose what facts the court based his opinion on; the court merely finds there was nothing due plaintiff.

The motion for a new trial was for the following reasons:

I. Because the finding and judgment of the court is against the evidence, against the weight of the evidence, and against the law under the evidence.

II. Because the finding and judgment of the court is for the wrong party and should have been for the plaintiff.

III. Because the court erred in admitting incompetent, irrelevant and immaterial evidence on the part of the defendants.

The third assignment of error is out of the case because it was directed at evidence introduced under defendants' counterclaim.

Plaintiff contends that the motion for new trial was insufficient to preserve anything for review. We agree that the motion for new trial was too general to call to the attention of the trial court specifically the question of the amount of indebtedness due under the note prior to the death of F. M. Dillard. But this was a case tried without a jury. In the absence of a waiver of such objection by the express or implied consent of the plaintiff, then Section 510.310 (4) R. S. Mo. 1949 applies, which provides: "The question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court." See Supreme Court Rule 3.23; O'Neal v. Mavrakos Candy Co., Mo. App., 225 S. W. 2d 138, 143, and cases cited.

Under Rule 3.27 of the Supreme Court it is provided that plain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom.

It appears on the face of the record that the trial court found that the instrument sued on was a valid and binding promissory note and then the trial court rendered a judgment in conflict with the express terms of the note. This is a plain error of record which caused manifest injustice and this court can consider such error regardless of whether it was raised in the motion for new trial.

We find against plaintiff under assignment of error No. II. We hold that the instrument sued on was a valid and binding contract; that the obligations of the defendants under said written instrument were terminated at the death of F. M. Dillard, payee therein. 3 R. C. L., page 834; 3 R. C. L. page 829, paragraph 2.

In 127 A. L. R., page 635, sub-section 2, the law is stated:

"The weight of authority is in favor of the validity of an agreement contemporaneous with a debt or legal obligation that such obligation shall be extinguished or terminated by the death of the creditors or obligee. * * *" Bergman v. Ornbaun, (1939) 33 Cal. App. 2d, 680, 92 P. 2d 654; Symonds v. Sherman, (1933) 219 Cal. 249, 26 P. 2d 293; Drake v. Wayne (1936) 52 Ga. App. 654, 184 S. E. 339; Sebrell v. Couch (1876) 55 Ind. 122; Bundrant v. Boyce (1910) 47 Ind. App. 253, 91 N. E. 968, 92 N. E. 126; Re Alms (1922) 153 Minn. 256, 190 N. W. 253.

Plaintiff's allegation of errors Nos. III and IV contend that the limitations contained in the note were void, being an ineffectual attempt to make a gift inter vivos.

With this we do not agree. There is a division of authority on the question of whether or not such limitations might constitute a valid gift. See 127 A. L. R. page 635 and cases cited thereunder.

The authorities cited by plaintiff correctly state the law on the question of gifts inter vivos.

Scottish Rite Temple Ass'n of Kansas City v. Lucksinger, Mo. App., 101 S. W. 2d 511, holds that it is essential to a gift that it go into effect at once. If it regards the future, it is a mere promise and, being a promise without consideration, cannot be enforced. It holds that the note of a donor to a donee is not the subject of a gift. It is the promise of the donor to pay money in the future. The gift is not completed until the money is paid, there being no delivery of the gift but a mere promise of delivery in the future. Cartall v. St. Louis Union Trust Co., et al., Mo. Sup., 153 S. W. 2d 370, is cited in this case with approval.

We find that the authorities as to what constitute a valid gift inter vivos are not controlling in the case at bar. The trial court found that the written instrument sued on was a binding and valid contract between the parties. We hold that the trial court's finding was correct on the theory of contract as stated in the authorities herein set out.

It is the order and judgment of this court that the judgment of the trial court be set aside and that judgment be entered for plaintiff in the sum of $1,325.00. *Blair* and *Stone, JJ.,* concur.